M. B. GURAN CO., INC., APPELLEE, *v.* AMSDELL, D.B.A. AMSDELL CONSTRUCTION COMPANY, APPELLANT.

(No. 10863—Decided February 9, 1983.)

*Mr. Joel Weinstein,* for appellee.

*Mr. Paul A. Weick* and *Mr. Eugene Selker,* for appellant.

QUILLIN, J. The defendant, Robert J. Amsdell, d.b.a. Amsdell Construction Company, appeals from a judgment rendered by the court of common pleas which confirmed an award made by an arbitration panel selected by the parties. We affirm.

On October 20, 1979, plaintiff, M. B. Guran Company, Inc. ("Guran"), and Amsdell Construction Company entered into an agreement which provided that Guran would supply the materials and perform the work for the completion of a project referred to as the "U-Store-It-Site" in Jackson Township. Article 19 of the agreement provided that any dispute arising out of the contract would be submitted to arbitration under the rules of the American Arbitration Association.

The dispute which arose was submitted to a mutually selected arbitration panel. After three days of hearings, arbitration was closed on March 24, 1981. The agreed time for delivery of the arbitration award was May 6. By letter dated May 7, 1981, the tribunal administrator, Barry Nelson, requested authorization from both parties to extend the time for delivery. Both counsel agreed to extend the time for delivery to May 20, 1981.

By letter dated June 2, 1981, the tribunal administrator requested a second extension of time until June 5. Appellee authorized the extension, but appellant did not sign the authorization. The award, which was in favor of the appellee, was dated May 7, 1981, but was not delivered to Guran and Amsdell until June 4, 1981.

On June 8, 1981, appellee made a timely application to the court of common pleas for an order confirming the arbitration award pursuant to R.C. 2711.09. On July 2, 1981, appellant applied to the court of common pleas for an order to vacate the arbitration award pursuant to R.C. 2711.10.

The court found the arbitration award was timely made on May 7, 1981, and the additional time was for mailing and circulation for signatures. The court also found if the award was not made until June 4, 1981, appellant waived any objections. The court confirmed the arbitrators' award in favor of appellee.

### Assignments of Error

"1. The court of common pleas erred in confirming the arbitrator's [*sic*] award and entering judgment thereon in favor of appellee and in denying appellant's application to vacate the arbitration award on the ground that the arbitrators exceeded their power.

"(a) The court of common pleas erred in finding that an arbitration award was in fact timely made on May 7, 1981.

"(b) The court of common pleas erred in finding that if the arbitration award was not timely made, the appellant waived any objection to the timeliness of the award."

Section 41 of the Commercial Arbitration Rules of the American Arbitration Association requires that the award be made not later than thirty days from the date of the closing hearings, unless otherwise agreed by the parties. The arbitration rules also provide that the failure to object in writing to the non-compliance of the provision will be deemed to constitute a waiver of such objection.

Ohio's statutory scheme in R.C. 2711.10 limits judicial review of arbitration to claims of fraud, corruption, misconduct, and imperfect award, or that the arbitrator exceeded his authority. The trial court was correct in limiting its review and not inquiring into the validity of legal and factual determinations made by the arbitrators. See *Goodyear* v. *Local Union No 200* (1975), 42 Ohio St. 2d 516 [71 O.O.2d 509].

The court found the award was made on May 7, 1981, as this was the date which appeared on the face of the award. The court found this to be timely because of the authorized extension which set the time for May 20, 1981. The lapse in time, until actual delivery on June 4, was found to be due to time consumed in the circulation and signing of the award. Since we find a waiver of the time limits within which the award was to be made, we need not address the question of when the award was made.

Section 38 of the Commercial Arbitration Rules of the American Arbitration Association provides:

"Any party who proceeds with the arbitration after knowledge that any provision or requirement of these Rules has not been complied with and who fails to state [an] objection thereto in writing, shall be deemed to have waived the right to object."

Appellant contends that by signing the requested extension which lapsed on May 20, his subsequent failure to authorize a second extension constituted an objection to untimeliness. It is generally recognized that the time fixed by the submission for making the award may be waived by the parties or they may be estopped by their action or inaction from claiming lapse of time as a termination of the arbitrators' authority so that under the particular circumstances an award made after the expiration of the specified time may be valid. *Librascope, Inc.* v. *Precision Lodge No. 1600* (1961), 189 Cal. App. 2d 71, 10 Cal. Rptr. 795.

If, as appellant asserts, the first extension of time required the arbitrators to deliver the award to the parties on or before May 20, upon the failure to receive the award after that date appellant was aware and had actual knowledge that the award was untimely. Between May 21 and June 4, appellant made no written objections to the arbitrators as to the untimeliness of the award. Appellant's mere failure to authorize a second extension does not constitute an objection within the meaning of Section 38 of the arbitration rules. Nothing in the record suggests that time was of the essence or that appellant was prejudiced by the late award.

The requirement that a written objection to untimeliness must be filed prior to the making of the award is well-reasoned. It is widely recognized that a party to a grievance who is charged with knowledge that an arbitrator's power to decide may have expired should not be permitted to await the decision and then void the decision if unfavorable. See *District Lodge No. 71* v. *Bendix Corp.* (W.D. Mo. 1963), 218 F. Supp. 742.

The trial court found that appellant failed to make any written objection to untimeliness prior to the delivery of the award. Based upon these facts, the lower court concluded that there was a waiver of the strict time limits and the award was valid.

The question of whether there is a

waiver of the time limits within which an award is to be made is a question of fact to be determined by the trial court. The record before us contains evidence which supports the court's finding and, therefore, should not be disturbed.

The judgment is affirmed.

*Judgment affirmed.*

MAHONEY, P.J., and BAIRD, J., concur.