**SCHAFER BAKERIES, INC., Plaintiff,**

v.

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, GENERAL DRIVERS UNION, LOCAL 332, Defendant.**

No. 85–CV–40554–FL.

United States District Court,
E.D. Michigan, S.D.

Dec. 30, 1986.

Steven Fishman, Bloomfield Hills, Mich., for plaintiff.

Gerry Miller, Kenneth Dau-Schmidt, Milwaukee, Wis., for defendant.

## MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

Before the Court are the parties' objections to the Magistrate's Report and Recommendation. In July, 1984, one of plaintiff Schafer Bakeries' drivers, Bernard Cummings, suffered a heart attack. Schafer refused to reinstate Cummings thereafter even though Cummings' physician opined that Cummings could return to work. Schafer's company doctor felt Cummings could not return to work. On January 17, 1985, the parties agreed to have Cummings examined by an impartial physician, Dr. Chan, who concluded that "it would be hard for this patient to return to duties I have outlined with the long hours involved in addition to his back problems." (Plaintiff Ex. B., p. 2) Schafer contends that it agreed with the Union that Chan's findings would be binding. The defendant Union, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers, General Drivers Union, Local 332, maintains that the examination was used only to obtain an impartial medical opinion. The dispute was submitted to arbitration on May 23, 1985, and a decision rendered on August 19, 1985 found that Schafer failed to show that Cummings was unable to return to work. The arbitrator ordered immediate reinstatement with back pay.

Schafer brought this action under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, to vacate and set aside the arbitration award. The Union filed a counterclaim to enforce the award. Schafer alleges that the arbitrator exceeded his authority because his award was in direct contravention of the alleged agreement to be bound by the opinion of Dr. Chan, that the award was issued more than 30 days after submission of the dispute to the arbitrator and was thus contrary to the contract, and that the award disregards the explicit and unambiguous provisions of the contract. The matter was before the Magistrate on cross-motions for summary judgment. On May 29, 1986, the Magistrate issued his Report recommending that both parties' motions be denied as there were material issues of fact. Both parties filed objections within the 10 days allowed by Rule 72(b), Fed.R.Civ.P.

The first matter is Schafer's objection to the Magistrate's finding as to the timeliness of the arbitrator's award. Article XXV, ¶ 4 of the Collective Bargaining Agreement provides:

The decision or award of the Arbitrator shall be final and binding upon both parties hereto, and said decision shall be rendered as quickly as possible, but in no event to exceed thirty (30) days unless a further extension is mutually agreed to.

Schafer contends that the arbitrator's award was received more than thirty days after the submission of the dispute and is therefore void under the above-cited portion of the collective bargaining agreement.[1]

The Magistrate relied on *Jones v. St. Louis—San Franscisco Railway Co.*, 728 F.2d 257 (6th Cir.1984)[2] in finding that the

---

**1.** Schafer maintains that the award was rendered 71 days after post argument briefs were exchanged, and the union maintains that the award was rendered 55 days after the hearing

was closed. Obviously, under either interpretation the award was late.

**2.** In *Jones,* the Sixth Circuit found that parties must "state in *unequivocal language* whether

award should not be vacated due to untimeliness because (1) Schafer never objected until after the award was issued, (2) the above-cited provision "did not state in unequivocal language that the arbitrator would lose his jurisdiction if an award was untimely" and (3) the lateness was "not so great as to be unreasonable, especially in light of the fact that Schafer had not even suggested that the lateness has caused it any prejudice or harm."

■ In objecting to the Magistrate's recommendations on this issue, Schafer merely reasserts the same positions taken in its motion for summary judgment. First, it argues that Article XXV, Section 4 of the labor contract in this case states in clear and unequivocal language that the arbitrator will lose its jurisdiction if it renders a late award. The Court disagrees. The language merely states that the "decision shall be rendered as quickly as possible, but in no event to exceed thirty (30) days." It does not state that the arbitrator would lose his jurisdiction if late. This case is not like the situation presented in *Huntington Alloys, Inc. v. United Steelworkers of America*, 623 F.2d 335, (4th Cir.1980) in which the agreement provided that "no decision ... shall be conclusive and binding upon the parties hereto unless delivered to both parties within the time specified above."

■ Schafer also maintains that even if the language in the provision is not unequivocal as to the arbitrator's authority, the arbitrator's award was not received until 71 days after the briefs exchanged which exceeds the 60 days considered reasonable in *Jones*. Even assuming that the

60-day period in *Jones* was intended as a mandatory time limit,[3] Schafer still ignores the magistrate's findings, which are entirely consistent with *Jones, supra,* in that Schafer never objected to the lateness until the award was received and that Schafer has not suggested that the lateness caused it any harm.

The next matter is the Union's objection to the Magistrate's decision to grant Schafer's motion to allow the filing of a second affidavit. Two days after the hearing on the motions for summary judgment before the Magistrate, plaintiff moved to admit the second affidavit of Gary P. Case, Schafer's representative at the arbitration hearing. Plaintiff had previously submitted a timely affidavit with its motion for summary judgment in which affidavit Case states that the parties agreed that Dr. Chan's assessment of Cummings' ability to return to work would be binding on the parties and the arbitration. The untimely affidavit states that the statement in the first affidavit was intended to indicate "that during the May 23, 1985 hearing before Arbitrator Conover, I personally brought to his attention the agreement of the parties that Dr. Chan's decision was final and binding on the Arbitrator as to Cummings' medical fitness to return to work." The Union contended that Schafer had not shown "excusable neglect" and that the filing has prejudiced the real party in interest, Cummings.

■ The Magistrate held that he had the discretion to allow Schafer to file the second affidavit and that he chose to exercise that discretion to allow filing of the affidavit. The Magistrate found that the lan-

they intend for the arbitrators to lose their jurisdiction if they render a later award." 728 F.2d at 265. (emphasis added) If the unequivocal language is absent, "the jurisdiction of the arbitration board ... [does] not expire until a reasonable time thereafter." *Id.* The court noted that 60 days was "indicative of a reasonable time." Finally, the court found that "a court should always have the discretion to uphold a later award when no objection to the delay has been made prior to the rendition of the award or there is no showing what harm was caused by the delay." *Id.* 265–66.

3. If Schafer had read further into the *Jones* opinion, it would have found that the 60–day period was not a mandatory time limit in defining reasonableness. After stating that the 60–day period provided in 29 C.F.R. § 1404–15(a) was indicative of reasonableness the court in *Jones* stated that the delay of 14 months was unreasonable. *Id.* at 265. The court did not state that the award was void because it was rendered after the 60–day period.

guage in the first affidavit was "sufficiently ambiguous that it [was] not outside the realm of possibility that it was intended to convey the meaning found in the second affidavit." Finally, the Magistrate found that neither the Union nor Cummings were prejudiced by the delay. The Union objects contending that the Magistrate failed to consider whether the delay in filing the affidavit was the product of excusable neglect. The Court agrees that this was in error.

■ Rule 56(c), Fed.R.Civ.P. states in pertinent part that "the adverse party prior to the date of hearing may serve opposing affidavits." This requirement is to be "read in conjunction with Rule 6(d)" which vests in the court the power to permit opposing affidavits "to be served at some other time." 6 *Moore's Federal Practice*, ¶ 56.14[1], 56–358. Rule 6(d), Fed.R.Civ.P. states in pertinent part:

> When a motion is supported by affidavit, the affidavit *shall be served* with the motion; and except as otherwise provided in Rule 56(c), opposing affidavits may be served not later than 1 day before the hearing, unless the court permits them to be served at some other time.

Moreover, Rule 56(c) and 6(d) should be read in conjunction with Rule 6(b), the all-purpose provision for enlargement of time which states in part: [4]

> When by these rules or by a notice given hereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... (2) *upon motion made after the expiration of the specified period* permit the act to be done where the failure to act was the result of excusable neglect.

■ Obviously, the burden falls on the moving party to make a showing that the failure was the result of excusable neglect. Parties failing to make such a showing have been denied the right to file an affidavit. For example, in *Wood v. Santa Bar-*

*bara Chamber of Commerce*, 705 F.2d 1515 (9th Cir.1983), the plaintiff submitted his affidavit in opposition to the motion for dismissal on the day of the hearing in violation of Rule 6(d). Because the plaintiff failed to move for enlargement of time and failed to give an excuse for untimeliness, the court held that the district court acted properly in striking plaintiff's affidavit.

Moreover, in a case closer to the facts in the instant case, the court in *Farina v. Mission Inv. Trust*, 615 F.2d 1068, 1076 (5th Cir.1980) held that:

> absent an affirmative showing by the nonmoving party of excusable neglect according to Rule 6(b), the court does not abuse its discretion when it refuses to accept out-of-time affidavits. *Beaufort Concrete Co. v. Atlantic States Const. Co.*, 352 F.2d 460, 462 (5th Cir. 1965), *cert. denied*, 384 U.S. 1004, 86 S.Ct. 1908, 16 L.Ed.2d 1018 (1966); *Woods v. Allied Concord Financial Corp.* 373 F.2d 733, 734 (5th Cir.1967).

(emphasis added)

In *Farina*, as in this case, the plaintiff, at the hearing, realized the deficiency of his affidavits in opposition to motions for summary judgment and after the hearing attempted to file a supplemental affidavit. However, plaintiff failed to make a showing of "excusable neglect."

In this case, Schafer has never attempted to explain why the information contained in the second affidavit was not contained in the first affidavit or that the omission was the result of excusable neglect. Schafer failed to cover the information in either its opening or reply submissions even after the Union indicated in its submissions that the parties did not bring the alleged agreement to the attention of the arbitrator. Schafer merely indicated in its original motion that the Union will not be prejudiced.

Contrary to the Magistrate's assertions, the above-cited cases indicate that acceptance of untimely affidavits, at least without a showing of excusable neglect, would

---

**4.** "Subdivision (b) of Rule 6, ... permits a court in its discretion to accept an affidavit not served with the motion." *McCloud River R. Co. v. Sabine Forest*, 735 F.2d 879, 882 (5th Cir.1984).

have been an abuse of discretion. *See, e.g., Farina, supra* at 1076; *Beaufort Concrete Co. v. Atlantic States Construction Co.,* 352 F.2d 460, 463 (5th Cir.1965) ("We conclude that it was within the district court's discretion, *at least on proper showing,* to admit the plaintiff's affidavit.") (emphasis added); *Nestle Co. Inc. v. Chester's Market, Inc.,* 571 F.Supp. 763, 772–73 (D.Conn. 1983) ("Given Nestle's failure to offer any explanation or justification for not filing one of its affidavits in opposition until a month later, that affidavit must be deemed inadmissible. To do otherwise would be bending even the liberal Federal Rules so out of shape as to have no meaning.") Schafer must have known the importance of the alleged Chan agreement since it is clear that if established, it would control not only the arbitration, but the result of this case. To assert it when Schafer did, without a showing of excusable neglect in these limited circumstances, is not justified. Thus, the Magistrate's Report and Recommendation as to this motion must be rejected.

■ Since the Magistrate's ruling on the affidavit fails, so too must his ruling on the Arbitrator's award. Schafer contended that the arbitrator's award had to be vacated because it ignored the alleged oral agreement by the parties to be bound by Dr. Chan's opinion.[5] Courts are empowered to set aside an award if the arbitrator disregards or modifies plain and unambiguous provisions or if an examination of the record before the arbitrator reveals no support for this determination. *Grand Rapids Die Casting Corp. v. UAW Local Union No. 159,* 684 F.2d 413 (6th Cir.1982).

*See also W.R. Grace & Co. v. Rubber Workers Local,* 759, 461 U.S. 757 (1983).

■ Here, the Magistrate correctly held that if an agreement to be bound by Dr. Chan's opinion existed, the arbitrator exceeded his authority in ordering reinstatement because Dr. Chan felt that Cummings was unable to perform his past work. The Magistrate recommended that summary judgment be denied because there exists a factual dispute as to whether the alleged oral agreement was brought to the attention of the arbitrator.[6] This factual dispute was created, according to the Magistrate, by Case's untimely affidavit. However, because the second affidavit must be stricken, there no longer exists a factual dispute.[7] The Court agrees with the Union that nothing presented until after the motions were heard indicated that the alleged oral agreement had been brought to the arbitrator's attention during the arbitration proceeding. Failing to present material evidence, such as the alleged oral agreement to the arbitrator amounts to a waiver of any objection to his award on such grounds. *District 30, United Mine Workers of America v. Sovereign Coal Corp.,* 750 F.2d 37, 40 (6th Cir.1984).

Thus, the Magistrate's Report and Recommendation on this issue must be rejected. Because the Court rejects the Magistrate's recommendation on this issue, it need not review the Union's objection that an oral argument between the parties could not be a binding submission to the arbitrator.

Schafer's final objection is to the Magistrate's finding that it was unnecessary to address Schafer's contention that the arbitrator's findings are completely without factual support.[8] In his Report and Rec-

5. Under the collective bargaining agreement, an arbitrator is authorized to apply only the provisions of the agreement and cannot add to, subtract from, change or modify any provisions of the agreement (Art. XXV, ¶ 3.)

6. Clearly, the affidavit of Meints, the union representative during the arbitration and the first affidavit of Case, raise a factual issue as to whether the parties agreed that Chan's opinion would be binding on the issue of Cummings' ability to return to work.

7. The Union's position that Schafer failed to present the issue to the arbitrator is supported by the affidavit of Meints, the Union's representative, and by the absence of any mention of the agreement in either of Schafer's arbitration briefs and in the arbitrator's decision.

8. Actually, Schafer's objection deals more with the arbitrator's award and not the Magistrate's Report and Recommendation.

ommendation, the Magistrate withheld any consideration of the issue of whether the arbitrator's award had any factual support until the issues dealt with in this opinion were resolved. Now that these issues have been resolved, the Court shall refer this case back to the Magistrate for disposition of this issue.

For the reasons stated, the Court accepts the Magistrate's Report and Recommendation except for Sections III–A and C. This case is referred to the Magistrate for a supplemental report of consideration of the issue not addressed.

IT IS SO ORDERED.