Kenneth **HARRIS** and Charlotte Harris, Plaintiffs,

v.

**CITY OF KANSAS CITY, KANSAS, et al., Defendants.**

Civ. A. No. 87–2507–S.

United States District Court, D. Kansas.

Feb. 8, 1989.

Rosie M. Quinn, Rosie M. Quinn & Associates, Kansas City, Kan., for plaintiffs.

Maurice J. Ryan, Asst. City Atty., Kansas City, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiffs' motion for reconsideration. On December 9, 1988, this court issued a Memorandum and Order granting defendants' motion for summary judgment in part. Plaintiffs now challenge several of the court's conclusions in that Memorandum and Order.

The court refers to its Memorandum and Order dated December 9, 1988, for a more complete discussion of the facts relevant to the motion for summary judgment and to this motion. *See Harris v. City of Kansas City, Ks., et al.,* 703 F.Supp. 1455, 1457–1458 (D.Kan.1988). In summary, plaintiffs have brought this civil rights action alleging an improper search of plaintiff Kenneth Harris' home and excessive force in effecting an arrest of plaintiffs. Plaintiffs first contend that this court erred in finding as a matter of law that the search was lawful because effective consent was obtained. In its previous Memorandum and Order, this court found that the uncontroverted facts showed plaintiff Kenneth Harris' wife, Juanita Harris, gave her consent to have her home searched. Plaintiffs now present an affidavit from Juanita Harris in which she alleges that plaintiff Charlotte Harris told her the police had threatened to "tear the house apart" if they were not allowed to enter and search the home. Plaintiffs contend this evidence gives rise to a question of fact as to whether consent was voluntarily given, and summary judgment is therefore improper.

In opposing defendants' original motion for summary judgment, plaintiffs did not contend that Juanita Harris was aware of any alleged threat on the part of the police officers. Their offer of the affidavit at this stage is suspect. Of course, the court is not at liberty at the summary judgment stage to determine whether the information given in that affidavit is truthful. However, the court rejects that affidavit because it was not timely presented in response to the original motion for summary judgment and no excusable neglect for failing to do so has been proffered. *See Schafer Bakeries v. International Bhd. of Teamsters,* 650 F.Supp. 753, 756 (E.D.Mich. 1986).

Even if this court were to consider the affidavit and determine that a question of fact was present concerning whether the consent was voluntarily given, the search was still lawful. In its Memorandum and Order, this court found alternatively that exigent circumstances existed whereby the police were justified in searching the premises without consent or a warrant. *See Harris v. Kansas City, Ks.,* 703 F.Supp. at 1460–1461 (D.Kan.1988). Plaintiff still argues that a question of fact exists concerning whether the police had reason to believe the abductee had been taken into the Harris home. However, a cursory review of the deposition given by the only eyewitness to the alleged kidnapping shows without a doubt that that witness directed the police to the Harris home. Plaintiffs' attempt to twist these circumstances to manufacture a question of fact is to no avail. The uncontroverted facts still show that exigent circumstances existed justifying the officers in conducting a search without consent or a warrant. Therefore, this contention of plaintiffs is rejected as well.

Plaintiffs next contend that a question of fact exists as to whether plaintiffs' conduct in the house appeared intimidating, justifying that officer in arresting the two of them. Plaintiffs, however, concede that a verbal confrontation did take place, and they offered no facts which might contradict the officer's statements. The uncontroverted facts still show that the actions of plaintiff Kenneth Harris appeared intimidating and threatening to the arresting officer and he was thus justified in making the arrest.

Finally, plaintiffs challenge this court's finding that no question of fact existed concerning plaintiffs' conspiracy claim and that summary judgment was therefore in order. Again, plaintiffs only seek to dispute the court's finding with the bare conclusory statement that a conspiracy existed. There are no facts to support this contention and in the absence of such facts, defendants are entitled to summary judgment.

Finding no error in the court's previous decision, plaintiffs' motion for reconsideration will be denied.

IT IS BY THE COURT THEREFORE ORDERED that plaintiffs' motion for reconsideration is denied.