**BUCK et al., Appellees,**

**v.**

**JARNIGAN, d.b.a. Holiday Construction, Appellant.**

[Cite as *Buck v. Jarnigan* (1990), 67 Ohio App.3d 527.]

Court of Appeals of Ohio,
Lorain County.

No. 89CA004681.

Decided May 2, 1990.

*Thomas H. Sanborn,* for appellees.

*Brent L. English,* for appellant.

*Terry Walrath,* for Ameritrust.

*Anthony Cespedes,* for Alside, Inc.

CIRIGLIANO, Judge.

This is an appeal from the trial court's dismissal of an appeal from a decision rendered by an arbitration panel and the imposition of extraordinary fees for the arbitrators. We affirm in part and reverse in part.

## Facts

Appellees, Francis and Albert Buck ("Buck"), contracted with appellant, Ted Jarnigan, d.b.a. Holiday Construction ("Jarnigan"), to install steel siding on their home. Buck understood that only the trim would be done in aluminum. Buck subsequently discovered that Jarnigan had used aluminum on approximately two-thirds of the home. Buck sued Jarnigan for breach of contract and fraud. Buck also named Alside, Inc. and Ameritrust as parties but the claims against each corporation were eliminated in pretrial proceedings. The action against Jarnigan was referred to arbitration.

The arbitrators concluded that Jarnigan breached the contract with Buck, but committed no fraud. The $1,500 in damages awarded to Buck was based on the reasonable cost of removing the aluminum siding and replacing it with steel siding.

The arbitrators filed their report and were granted their motion for fees for extraordinary services.

Jarnigan appealed the findings of the arbitrators and the award. The trial court denied the appeal on the grounds that Jarnigan failed to deposit the entire amount of arbitrators' fees and because he failed to allege specific facts. Jarnigan was permitted to refile his appeal in compliance with the trial

court's order. Under protest, Jarnigan deposited the entire amount of fees. Jarnigan corrected his notice of appeal and moved for a hearing on the award of fees. The motion for a hearing was denied. The trial court denied Jarnigan his appeal, stating as follows:

"An adverse decision does not constitute an injustice. Arbitration is not a 'dress rehearsal' for trial.

"Defendant has failed to articulate any fact which would show that he was deprived of a full and fair hearing. Appeal is denied.

"Arbitrator's award is reduced to judgment. Case closed. Costs to Defendant Jarnigan."

On appeal, Jarnigan assigns two errors.

### Assignment of Error I

"The trial court committed reversible error by dismissing appellant's appeal from an arbitration panel's decision despite substantive and procedural compliance with every requirement of C.P.Sup.R. 15, Lor.Co.Loc.R. 20, and additional requirements imposed by the trial court without legal authority."

Jarnigan contends that he was improperly denied his right to a trial *de novo* after the decision of the arbitrators. We agree.

Lorain County Loc.R. 20, which sets forth rules and procedures governing arbitration, was adopted pursuant to C.P.Sup.R. 15. Loc R. 20(H) addresses the right of appeal *de novo* from the arbitrators' decision and provides in part:

"(1) *Right of Appeal,* Any party may appeal from the action of the arbitration board to the Common Pleas Court of Lorain County unless the right of appeal is waived by all parties and all counsel to the proceedings in writing prior to the arbitration hearing; said waiver shall be filed as part of the arbitration record. The right of appeal shall be subject to the conditions set forth in this rule, all of which shall be completed within thirty (30) days after the filing of the report and award with the Clerk of Courts."

Jarnigan fully complied with all conditions set forth in the rule. Jarnigan is entitled to a trial. *Gado v. Rockwell Internatl. Corp.* (Oct. 28, 1987), Summit App. No. 13091, unreported, 1987 WL 19454.

It is not within a trial court's discretion to summarily dismiss an appeal from the arbitrators' decision simply because the trial court has determined that the appeal may lack merit. We sustain the first assignment of error.

### Assignment of Error II

"The trial court committed reversible error by imposing an additional $450.00 in arbitrators' fees on appellant without giving him prior notice of an

application having been filed for same, without serving him with a copy of its order granting same, by refusing to hold a hearing on the validity of those fees, and by conditioning appellant's right to appeal on payment of those excessive and improper fees."

Jarnigan argues that the trial court committed reversible error and violated his due process rights when it imposed extraordinary arbitrators' fees without notice. Under the facts before us, we must disagree.

Lorain County Loc.R. 20(C)(6)(a) provides for the compensation of arbitrators as follows:

"Each member of an arbitration board who has signed an award or has filed a minority report shall receive as compensation for his services a fee of Fifty Dollars ($50.00). When more than one case arising out of the same transaction is heard at the same hearing, it shall be considered as one case insofar as compensation of the arbitrators is concerned. In cases requiring a hearing of unusual duration òr involving questions of unusual complexity, the judge assigned to the case, on written application of the members of the arbitration board and for good cause shown, may allow additional compensation. The members of an arbitration board shall not be entitled to receive their fees until after filing their report and award with the Clerk of Courts. Fees paid to arbitrators shall not be taxed as costs nor follow the award as other costs."

The arbitrators filed their written application for extraordinary fees and set forth their reasons. The parties were not served with this application, nor were the parties served with the trial court's *ex parte* decision awarding extraordinary fees. Not until Jarnigan's first appeal was denied as "defective" did Jarnigan discover that he was required to deposit with the court the non-refundable extraordinary fees in addition to those he had already deposited. Jarnigan contested the fee award and requested a hearing. The hearing was summarily denied.

Notice of the application for extraordinary fees and the trial court's decision to award the fees should be served on all parties. Jarnigan pursued the proper remedy when he moved for a hearing on the award. Jarnigan's memorandum in support of his motion disputed the arbitrators' reasons and alleged that the arbitrators spent less time than they asserted. We will not, however, find reversible error in the trial court's denial of a hearing when Jarnigan's motion set forth mere allegations unsupported by any evidentiary documents.

We realize the importance of arbitration and its necessity to the swift and less formal resolution of disputes. We realize the tremendous contribution made by those who serve as arbitrators. Certainly, the arbitrators are

entitled to fair compensation. But compensation must not acquire a punitive appearance.

Absent evidentiary documents supporting Jarnigan's motion for a hearing, we cannot say that the trial court abused its discretion in denying the hearing. Nor can we say, given our constraints as a reviewing court and under these facts, that the trial court abused its discretion in awarding the fees. Accordingly, we overrule this assignment of error.

## Summary

Based on the foregoing reason, we sustain the first assignment of error and reverse the decision of the trial court as to the summary dismissal of Jarnigan's appeal. We overrule Jarnigan's second assignment of error and affirm the trial court's award of fees.

*Judgment affirmed in part*
*and reversed in part.*

QUILLIN, P.J., and CACIOPPO, J., concur.