MARTICH et al., Appellants,

v.

CITY OF CLEVELAND, Appellee.

[Cite as *Martich v. Cleveland* (1992), 76 Ohio App.3d 802.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 59623.

Decided Jan. 21, 1992.

*Motta, McCormack, Wolgamuth & Watling Co., L.P.A., Keith R. Wolga-muth* and *Joseph L. Motta,* for appellants.

*Craig S. Miller,* Director of Law, *Thompson, Hine & Flory, Keith A. Ashmus* and *Carl H. Gluek,* for appellee.

NAHRA, Presiding Judge.

This is an appeal from the Cuyahoga County Common Pleas Court's denial of an application to vacate an arbitration award.

On January 17, 1984, the Cleveland Police Patrolman's Association ("CPPA"), co-appellant, entered into a collective bargaining agreement with the city of Cleveland, appellee. Such agreement provides that grievances and disputes "arising out of or connected with the subject matter" of the agreement shall be submitted to arbitration. The CPPA and its co-appellant, John Martich, filed such a grievance. The arbitration hearing was held on October 21, 1987. Briefs were submitted after the hearing by both parties, and the hearing was declared closed on November 13, 1987. Pursuant to the collective bargaining agreement between the CPPA and Cleveland, the arbitrator was required to issue his decision within thirty days from the close of the hearing; in this case, such deadline was December 13, 1987. On December 5, 1987, the arbitrator, by way of the American Arbitration Association, attempted to contact plaintiffs' counsel and request that he needed additional time as the result of a medical complication and lack of secretarial support. Plaintiffs-

appellants' counsel apparently was out of town at such time. On December 17, 1987, the arbitrator issued his award which denied appellants' grievance. On December 23, appellants objected to the award because it was not issued within thirty days of the close of the hearing. On January 22, 1988, the appellants filed an application for vacation of the arbitration award. The trial court denied appellants' application, finding that the brief delay in issuing the award was not unreasonable under the circumstances. This appeal follows.

Appellants' sole assignment of error states:

"The trial court erred in failing to vacate the arbitration award by ruling that the arbitrator's failure to comply with the thirty (30)–day time limit did not deprive him of jurisdiction."

■ The CPPA and Martich argue that since their labor agreement with Cleveland provides that an arbitrator shall render a decision within thirty days of the close of the arbitration hearings, the arbitrator lost jurisdiction of the case by violating the clear mandate of the agreement. By rendering a decision four days late, the arbitrator exceeded his authority; as a result, the decision must be vacated.

As a preliminary matter, R.C. 2711.10, which governs judicial review of arbitration awards, states in pertinent part:

"In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:

"(A) The award was procured by corruption, fraud, or undue means.

"(B) There was evident partiality or corruption on the part of the arbitrators, or any of them.

"(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

"(D) *The arbitrators exceeded theirs powers*, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." (Emphasis added.)

Martich and the CPPA contend that the time limitation and the release of the arbitration decision are mandatory and should be enforced strictly.

■ Our review of the provision in question reveals that the time requirement for the award is directory and not mandatory. In *Jones v. St. Louis–San Francisco Ry. Co.* (C.A.6, 1984), 728 F.2d 257, the Sixth Circuit Court of Appeals asserted that time limits contained in a collective bargaining agree-

ment are directory rather than mandatory unless the agreement states in unequivocal language that the parties intend for the arbitrators to lose jurisdiction if their awards are not timely. In *Jones,* the court held that in the absence of an unequivocal provision terminating an arbitrator's jurisdiction for rendering a tardy award, the arbitrator's authority continues for a reasonable time after the period originally established for release of the award. The determination of reasonableness must be made on a case-by-case basis with a view to the surrounding circumstances and to any aspects of prejudice or harm that either party suffers. *Id.* Courts should uphold late awards unless an objection to the delay has been made prior to the issuance of the award and a showing of harm or injury related to the delay has been made. *Id. West Rock Lodge No. 2120 v. Geometric Tool Co.* (C.A.2, 1968), 406 F.2d 284. *Schafer Bakeries, Inc. v. Internatl. Bhd. of Teamsters, Chauffeurs, Warehousemen, & Helpers of Am., Gen. Drivers Union, Local 332* (E.D.Mich.1986), 650 F.Supp. 753 (denial of motion to vacate the arbitration award inasmuch as such award was rendered after a seventy-one-day delay with no apparent harm to either party); *Pines v. Biophysics Found., Inc.* (1989), 215 Cal.App.3d 883, 264 Cal.Rptr. 36 (five-day delay did not strip arbitrator of jurisdiction); see *Hill v. Norfolk & W. Ry. Co.* (C.A.7, 1987), 814 F.2d 1192, and *Rothring v. Am. Bldg. Components, Inc.* (Jan. 30, 1987), Hamilton App. No. C–860228, unreported, 1987 WL 5818. Here, the agreement does not expressly state that the arbitrator would lose jurisdiction over the case by issuing a decision after thirty days. The agreement provides only that, "the arbitrator shall issue a decision within thirty (30) days after the submission of the case to him." Moreover, the CPPA and Martich fail to indicate any harm or prejudice suffered as a result of the delay. Furthermore, the record does not reflect that the appellants objected to the arbitrator's request for a short delay before the unfavorable award was issued by the arbitrator. See *M.B. Guran Co. v. Amsdell* (1983), 9 Ohio App.3d 201, 202, 9 OBR 350, 351–352, 459 N.E.2d 581, 583; *Ruff v. Metro. Property & Liability* (R.I.1986), 508 A.2d 672. In the absence of any harm or prejudice or any objection made prior to the issuance of the arbitration award, we believe that the four-day delay in issuing the award was reasonable. We do not believe that the arbitrator exceeded his power by so ruling. R.C. 2711.10(D).

As a result of the foregoing, appellant's assignment of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

HARPER and POLLEX, JJ., concur.

ROBERT C. POLLEX, J., of the Wood County Probate/Juvenile Court, sitting by assignment.