OPINION
Defendants-appellants Angelika T. Schmidt and Helmut Schmidt appeal the January 28, 1998, March 16, 1998, and June 29, 1998 Judgment Entries of the Delaware County Court of Common Pleas which granted plaintiffs-appellees R.L. Bates Company and Robert L. Bates, Jr. Motion to Confirm Arbitration Award, and which granted appellees' Motion for Summary Judgment on appellants' slander of title counterclaim.
 STATEMENT OF THE FACTS[1]
In October, 1994, appellants contracted with appellees for the construction of an addition to their home. The contract contained a provision for a "Guaranteed Maximum Price" of $464,618.
Appellees commenced construction in October, 1994. Between November 28, 1994, and September 5, 1995, appellees received a total of $489,516 from appellants and/or their mortgage company for the first five construction draws.
On October 29, 1995, appellees requested the sixth and final construction draw in the amount of $72,459.83. The draw was not approved by the architect, in part because appellees failed to provide appellants with lien waivers or receipts from all subcontractors when application for payment was made, as required by the contract. Nevertheless, appellants paid appellees an additional $40,000 on October 29, 1995. Appellants advised appellees they were withholding $32,459.83 until appellees fully complied with the contract.
Appellees did not provide lien waivers. After appellants failed to remit the additional amount due, appellees withdrew from the project on or about November 3, 1995. Various subcontractors and materialmen filed numerous mechanics liens totaling $34,205.34 against appellants' property. On November 22, 1995, appellees filed a mechanics lien against appellants' property for $86,885.06.
 STATEMENT OF THE CASE
On February 22, 1996, appellees filed a complaint against appellants for breach of contract, defamation, tortious interference with a business contract, and unjust enrichment. On or about March 20, 1996, appellants filed an answer and counterclaim for slander of title, breach of contract, and tortious interference with a business contract. Included in their answer and counterclaim was a motion to compel arbitration. The trial court ordered arbitration by the American Arbitration Association.
Arbitration occurred on July 21, 1997, through July 23, 1997. The arbitrator rendered his award in favor of appellees on November 21, 1997. On December 2, 1997, appellees filed a motion to confirm the arbitration award in the trial court. Appellants responded with a motion to vacate the arbitration award on December 31, 1997. After hearing, the trial court confirmed the arbitration award via Judgment Entry filed January 28, 1998.
The trial court dismissed appellants' counterclaim for slander of title by summary judgment in a Judgment Entry filed March 16, 1998. Thereafter, the parties signed an agreed judgment entry in which all other pending claims by both parties were dismissed. Subsequently, the trial court rendered its final entry on June 29, 1998. It is from the January 28, 1998, March 16, 1998, and June 29, 1998 Judgment Entries appellants prosecute this appeal, assigning as error:
 I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO VACATE THE ARBITRATION AWARD WHICH RESULTED FROM THE ARBITRATOR EXCEEDING HIS POWERS AND THE ARBITRATOR'S OWN MISCONDUCT.
 II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SUSTAINED THE PLAINTIFF-APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND DISMISSED THE DEFENDANT-APPELLANT'S CLAIM FOR SLANDER OF TITLE.
 I
R.C. 2711.10 provides, in pertinent part:
 In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:
* * *
 (C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
 (D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
Herein, appellants contend the trial court abused its discretion in failing to vacate the arbitration award because the arbitrator exceeded his powers and committed misconduct. Appellants argue an arbitrator exceeds the scope of his or her powers when the arbitration award conflicts with the express terms of the contract. Appellants assert an arbitrator has no authority to disregard or modify plain and unambiguous provisions of a contract, and is confined to interpretation of the contract provisions, citing Ohio Office of Collective Bargaining v. OhioCivil Serv. Employees Assoc. (1991), 59 Ohio St.3d 177. Appellants explain the arbitrator had three issues to decide: 1) whether appellants were required to pay the final construction draw to appellees; 2) whether appellants were required by the terms of the contract to pay the final construction draw, and if so, how much was due and owing to appellees; and 3) of the final construction draw, what reductions, if any, were appellants entitled to as a result of incorrect or incomplete construction work. Appellants maintain because the contract specifically provided final payment was not due until appellees delivered a complete release of all liens to them, the arbitrator's award is in direct contravention with the "four corners" of the construction contract and, as such, the arbitrator exceeded his authority.
Appellants further argue, after erroneously finding appellees were entitled to compensation, the arbitrator exceeded his authority by awarding "pre-judgment" interest at 10% from October 29, 1995, the date the arbitrator determined the final draw was due and owing. Appellants submit the authority to award pre-judgment interest is governed by R.C. 1342.03(A) which establishes the rate of interest.[2] Such rate is 10% per annum unless a written contract provides otherwise. Appellants note Article 9, Progress Payments, of the contract specified interest at the rate of 2% per month[3]. Appellants again asserts because final payment was not yet due as appellees had not provided the requisite lien waivers, the arbitrator exceeded his authority by awarding pre-judgment interest.
We have reviewed appellants' motion to vacate the arbitration award. We note appellants did not contend therein the arbitrator exceeded his authority in rendering a decision as to whether appellant was due compensation under the contract, but only that the arbitrator exceeded his authority in awarding pre-judgment interest and by extending the time for making an award without the consent of the parties.[4] As such, appellants' argument the arbitrator exceeded his power in rendering a judgment for appellees is waived as it cannot be raised for the first time on appeal.
Furthermore, appellants did not provide the trial court or this Court with the transcript of the arbitrator's hearing. As such, both the trial court and this Court must presume regularity in the proceedings before the arbitrator. See, Knapp v. EdwardsLab. (1980), 61 Ohio St.2d 197. Evidence may have been presented to establish appellants waived their right to presentation of lien waivers as a precondition to final payment or evidence appellants agreed to modify the original contract. If so, the arbitrator's award would not have exceeded his authority either as to the finding of whether compensation was due and owing and any award of interest thereon. The fact appellants voluntarily paid more than the "Guaranteed Maximum Price" prior to the final draw is evidence, in and of itself, of some modification of the original contract. The mere fact the award appears to contradict the terms of the contract does not necessarily establish the arbitrator exceeded his authority. In the absence of a transcript of the arbitration hearing, we, and the trial court, must presume the contrary. Accordingly, we conclude the trial court did not abuse its discretion in confirming the arbitration award.
In support of their argument the arbitrator was guilty of misconduct, appellants note the arbitration process was lengthy and very expensive. Even the trial court expressed its opinion the cost was outrageous and the delay was unreasonable. As such, appellants contend the arbitrator's decision should be vacated.
Although the trial court did note the delay in the arbitration process was without consent of appellants, it further noted appellants contributed to some of the delay by filing a motion to reopen. Nonetheless, the trial court found the delay did not prejudice appellants under Martich v. City of Cleveland
(1992), 76 Ohio App.3d 802.[5] We do not find the trial court abused its discretion in finding the arbitrator did not commit misconduct.
For the foregoing reasons, appellants' first assignment of error is overruled.
 II
Herein, appellants argue because appellees knew they were not entitled to final payment under the terms of the construction contract for the reason appellants asserted in I, supra, appellees' filing of a mechanics lien constituted slander of title. We disagree. Having found the arbitrator's award was valid in I, supra, we find the trial court properly entered summary judgment in favor of appellees on this counterclaim by appellants. We further find the fact the contract provided for arbitration does not preclude appellees from protecting their legal interest by filing a mechanics lien prior to any arbitration.
Appellants' second assignment of error is overruled.
The judgment of the Delaware County Court of Common Pleas is affirmed.
By: Hoffman, P.J., Reader, J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment entries of the Delaware County Court of Common Pleas are affirmed. Costs assessed to appellants.
[1] Appellees have not filed a brief in this appeal; therefore, we accept appellants' statement of the facts. See,
App.R. 18(C).
[2] Appellants do not assign as error the trial court's determination the arbitrator is a "judicial tribunal" under the statute, despite their contention to the contrary in their motion to vacate the arbitration award.
[3] Without doing the mathematical calculations, it appears appellants are better off with the statutory interest rate set at 10% per annum, rather than 2% per month as specified in the contract.
[4] Appellants do not specifically and separately assign as error in this appeal the arbitrator's extension of time for making an award without the consent of the parties. Nor do appellants separately assign as error the arbitrator's committing misconduct by denying them the right to cross-examine appellees' bookkeeper and/or refusing to hear other evidence as was alleged in their motion to vacate the arbitration award.
[5] The trial court did modify the "prejudgment interest" award to reduce the amount due and owing by the time of the delay (91 days).