JOURNAL ENTRY AND OPINION
This is the second time this case comes to our court on appeal. This time William J. Manocchio appeals from a trial court order which denied his motion to vacate an arbitration award without first conducting discovery or holding a hearing. For the reasons which follow, we find no error and so affirm.
This case arises out of several allegations of misconduct relating to Manocchio's employment as a police officer with the City of Cleveland. On November 14, 1994, the city suspended and demoted Manocchio for violating numerous department rules, and thereafter, the Fraternal Order of Police appealed pursuant to provisions of the grievance procedure established in the collective bargaining agreement.
Pursuant to the agreement, the parties began arbitration on September 5, 1995, and on February 8, 1996, the arbitrator conducted the final hearing, after which, pursuant to the collective bargaining agreement, he had thirty days in which to render his decision. He did not do so. The record reveals that Manocchio inquired several times as to the nature of the delay in issuing the award; however, the parties agreed to extend the time period to March 1, 1997, and the arbitrator issued his decision in favor of the city on March 11, 1997, ten days beyond the agreed date. Neither party, however, objected to the decision after the March 1 deadline.
On April 30, 1997, Manocchio filed a motion to vacate the award pursuant to R.C. 2711.10, and on July 3, 1997, the city filed a Civ.R. 12(B)(6) motion to dismiss Manocchio's motion for failure to state a claim upon which relief could be granted. The court granted the city's motion on September 16, 1997. Manocchio appealed from that dismissal, and this court reversed and remanded, stating in part:
 Again we note that the factual allegations must be taken as true. Accordingly, contrary to the trial court's conclusions, plaintiffs-appellants alleged that they objected to an award issued beyond March 1, 1997. Moreover, after the arbitration award was issued March 11, 1997, plaintiffs-appellants alleged that they suffered harm, injury and prejudice from the excessive delay.
 Despite the serious nature of the underlying grievance, we must confine our review strictly to the sufficiency of the complaint/application when reviewing a motion to dismiss for failure to state a claim. Keeping in mind the determination of the "reasonableness" of the arbitrator's delay must be on a case-by-case basis and stressing that we are not ruling upon the merits of plaintiffs-appellants' claims, we find the application to vacate the arbitration award was sufficient to withstand defendant-appellee's motion to dismiss for failure to state a claim.
On remand, the court then denied Manocchio's motion to vacate the arbitration award, stating in part:
* * *
The following facts are not in dispute:
 1. The collective bargaining agreement between the parties did not specifically divest the arbitrator of authority when a decision was made after the time period for such decisions had elapsed.
 2. The parties agreed to give the arbitrator an extension to March 1, 1997 to render a decision.
3. The arbitrator rendered his decision March 11, 1997.
 4. The plaintiff did not object to the untimeliness of the decision until after the decision was rendered.
The trial court then relied on Martich v. City of Cleveland
(1992), 76 Ohio App.3d 802, and denied Manocchio's motion to vacate the award for three reasons: the collective bargaining agreement in this case did not specifically divest the arbitrator of jurisdiction for failure to render a timely decision; Manocchio failed to demonstrate prejudice resulted from the additional delay; and Manocchio failed to object to the timeliness until after the arbitrator rendered the award in favor of the city.
Manocchio now appeals and presents the following assignment of error for our review:
 THE TRIAL COURT ERRED BY DENYING THE APPELLANT'S COMPLAINT TO VACATE ARBITRATION AWARD WITHOUT EITHER DISCOVERY AND/OR AN EVIDENTIARY HEARING.
Manocchio contends the court erred in failing to grant his motion to vacate the arbitration award because the arbitrator lost jurisdiction by rendering the award ten days late, and that the court erred in failing to grant a hearing or allow discovery on the motion. The city maintains the court did not err in refusing to grant Manocchio's motion to vacate the award because Manocchio failed to object to the timeliness of the award prior to its release and that Manocchio suffered no prejudice from the ten day delay. The issue before us, then, is whether the court erred in failing to grant the motion to vacate the award without first holding a hearing or allowing discovery.
R.C. 2711.10 gives the court the power to vacate an arbitration award, and it provides in relevant part:
 In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:
* * *
 (D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
* * *
In Martich v. City of Cleveland (1992), 76 Ohio App.3d 802, this court considered a similar case in which the arbitrator rendered his award four days late and a party moved to vacate it. The court adopted the reasoning of the Sixth Circuit Court of Appeals and stated at 804-05:
 Our review of the provision in question reveals that the time requirement for the award is directory and not mandatory. In Jones v. St. Louis-San Francisco Ry. Co.
(C.A. 6, 1984), 728 F.2d 257, the Sixth Circuit Court of Appeals asserted that time limits contained in a collective bargaining agreement are directory rather than mandatory unless the agreement states in unequivocal language that the parties intend for the arbitrators to lose jurisdiction if their awards are not timely. * * * [I]n the absence of an unequivocal provision terminating an arbitrator's jurisdiction for rendering a tardy award, the arbitrator's authority continues for a reasonable time after the period originally established for release of the award. The determination of reasonableness must be made on a case-by-case basis with a view to the surrounding circumstances and to any aspects of prejudice or harm that either party suffers. * * * Courts should uphold late awards unless an objection to the delay has been made prior to the issuance of the award and a showing of harm or injury related to the delay has been made.
Further, in M.B. Guran Co. v. Amsdell (1983), 9 Ohio App.3d 201, the court considered whether a failure to authorize a second extension of time constituted an objection and stated at 202:
 It is generally recognized that the time fixed by the submission for making the award may be waived by the parties or they may be estopped by their action or inaction from claiming lapse of time as a termination of the arbitrators' authority so that under the particular circumstances an award made after the expiration of the specified time may be valid.
* * *
 The requirement that a written objection to untimeliness must be filed prior to the making of the award is well reasoned. It is widely recognized that a party to a grievance who is charged with knowledge that an arbitrator's power to decide may have expired should not be permitted to await the decision and then void the decision if unfavorable.
Further, in Buck v. Jarnigan (1990), 67 Ohio App.3d 527, the court stated at 530-31:
 We will not, however, find reversible error in the trial court's denial of a hearing when [the] motion set forth mere allegations unsupported by any evidentiary documents.
* * *
 Absent evidentiary documents supporting [the] motion for a hearing, we cannot say that the trial court abused its discretion in denying the hearing. * * *
Our review of the record in this case reveals no language in the collective bargaining agreement to divest the arbitrator of jurisdiction for failure to issue a timely award; rather, the agreement contains a directive that the arbitrator is to render the award within thirty days. Additionally, Manocchio admits he consented to extend the arbitrator's time through March 1, 1997, and does not allege he filed any written objection to the timeliness until after the arbitrator rendered the award in favor of the city. Manocchio presented no evidence of any prejudice he suffered as a result of the ten day delay. Further, although Manocchio contends the court erred in denying his motion to vacate without first conducting a hearing or allowing discovery, Manocchio's motion did not request a hearing, nor did he put forth any allegations of prejudice he sought to prove through discovery or establish at the hearing. Thus, the court did not err in failing to allow discovery or conduct a hearing on his motion to vacate the award, or in denying the motion to vacate. Accordingly, this assignment of error is without merit and it is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE. J., and
LEO M. SPELLACY, J., CONCUR
 ____________________________ PRESIDING JUDGE TERRENCE O'DONNELL
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(a).