OPINION
{¶ 1} Appellant, Joseph J. Filchock, appeals from the judgment entry of the Lake County Common Pleas Court. That court resentenced Filchock following this court's decision[1] from a direct appeal that ordered him to be resentenced pursuant to *Page 2 State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. On review, we affirm the judgment entry of the trial court.
 {¶ 2} Filchock had been convicted of aggravated vehicular homicide, vehicular homicide, leaving the scene of an accident, driving with a prohibited blood alcohol content, and driving under the influence of alcohol. The trial court imposed a six-year sentence for the conviction for aggravated vehicular homicide, and a six-month sentence for each of the other convictions, all sentences to run concurrently.
 {¶ 3} This court's prior decision directed the trial court to reconsider only the six-year sentence for aggravated vehicular homicide because it was a more-than-the-minimum sentence. Filchock, supra at ¶ 45. All other sentences were to remain undisturbed. Id.
 {¶ 4} At resentencing, the trial court imposed the same sentence of six years that was formerly adjudicated against him for the aggravated vehicular homicide conviction.
 {¶ 5} In this appeal, Filchock challenges the more-than-the-minimum sentence imposed by the trial court. He has filed a timely appeal and raises the following assignments of error:
 {¶ 6} "[1.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms in violation of the due process and ex post facto clauses of the Ohio and United States Constitutions.
 {¶ 7} "[2.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms in violation of defendant-appellant's right to due process. *Page 3 
 {¶ 8} "[3.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms based on the Ohio Supreme Court's severance of the offending provisions under[State v.] Foster, which was an act in violation of the principle of separation of powers.
 {¶ 9} "[4.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms contrary to the rule of lenity.
 {¶ 10} "[5.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms contrary to the intent of the Ohio legislators."
 {¶ 11} Though Filchock has couched his assignments of error in terms of "prison terms," the only prison term that is germane to this appeal is the six-year prison term for aggravated vehicular homicide. Filchock did not challenge the other prison terms in his direct appeal and, therefore, they are to remain undisturbed. Id.
 {¶ 12} The focal point of Filchock's arguments in all of his assignments of error is the decision of the Supreme Court of Ohio inFoster, supra. In Foster, the Supreme Court of Ohio found certain statutes to be unconstitutional and applied a severance remedy to the offending statutes. Id. at paragraphs two, four, and six of the syllabus. Filchock asserts that his sentences are unconstitutional, because he committed his crimes prior to the Supreme Court of Ohio's decision in State v. Foster, but was sentenced pursuant to the post-Foster version of R.C. 2929.14.
 {¶ 13} This court recently addressed Filchock's exact arguments in the case of State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011. InState v. Elswick, this court found the verbatim assignments of error to be without merit. Id. at ¶ 5-55. *Page 4 
 {¶ 14} Based on the authority of State v. Elswick, Filchock's assignments of error are without merit.
{¶ l5} The judgment entry of the Lake County Court of Common Pleas is affirmed.
COLLEEN MARY OTOOLE, J., MARY JANE TRAPP, J., concur.
[1] State v. Filchock, 166 Ohio App.3d 611, 2006-Ohio-2242. *Page 1