OPINION
{¶ 1} Appellant, Joseph J. Filchock, appeals from a January 24, 2007 judgment entry of the Lake County Court of Common Pleas denying his motion for postconviction relief.
 {¶ 2} On September 15, 2004, Filchock was found guilty by a jury of aggravated vehicular homicide, vehicular homicide, leaving the scene of an accident, driving with a prohibited blood alcohol content, and driving under the influence of alcohol. The trial *Page 2 
court imposed a six-year sentence for the conviction of aggravated vehicular homicide, and a six-month sentence on each of the remaining counts, to be served concurrently. His driver's license was also revoked for life.
 {¶ 3} On September 27, 2004, Filchock moved the trial court for a new trial pursuant to Crim.R. 33. The trial court denied the motion for a new trial on October 19, 2004.
 {¶ 4} Filchock appealed the judgment entry of the Lake County Common Pleas Court. This court ordered Filchock to be resentenced pursuant toState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. This court's prior decision directed the trial court to reconsider only the six-year sentence for aggravated vehicular homicide because it was a more-than-the-minimum sentence. State v. Filchock, 166 Ohio App.3d 611,2006-Ohio-2242, at ¶ 45. All other sentences were to remain undisturbed. Id.
 {¶ 5} On May 26, 2006, the trial court resentenced Filchock to the same sentence previously imposed.
 {¶ 6} On June 29, 2006, Filchock appealed the judgment entry challenging the more-than-the-minimum sentence imposed by the trial court. This court, on May 25, 2007, affirmed the judgment entry of the trial court. State v. Filchock, 11th Dist. No. 2006-L-122,2007-Ohio-2574.
 {¶ 7} On November 27, 2006, Filchock filed a petition for postconviction relief and petition for evidentiary hearing, pursuant to R.C. 2953.21. On January 24, 2007, the trial court denied Filchock's petition for postconviction relief without an evidentiary hearing. Filchock appeals the trial court's denial.
 {¶ 8} Filchock's assignments of error state: *Page 3 
 {¶ 9} "[1.] Mr. Filchock was denied the basic due process of law in violation of the Fourteenth Amendment to the Constitution of the United States and also in violation of the Ohio Constitution, where the trial court dismissed petition without granting a request for evidentiary hearing. State v. Stevens [(1978), 58 Ohio App.2d 6] and Jackson v.McMonagle [State ex rel. Jackson v. McMonagle (1993), 67 Ohio St.3d 450] and R.C. 2953.21(C).
 {¶ 10} "[2.] Mr. Filchock was denied a fair trial under the Sixth andFourteenth Amendments to the United States Constitution and Article I, Section 16, of the Ohio Constitution, where the defense counsel A) failed to object to improper sentencing contrary to statutory and constitutional law, B) failed to object to improper admission of purported evidence at trial and on appeal."
 {¶ 11} Before we address Filchock's assignments of error, we must determine whether his petition was timely filed with the trial court. "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus.
 {¶ 12} Pursuant to R.C. 2953.21(A)(2), a petition for postconviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * * ." The time limit for filing a direct appeal is 30 days from the date the appealed judgment was filed. App. R.4(A). *Page 4 
 {¶ 13} In the case at bar, the trial transcript was filed in appellant's first appeal with this court on December 30, 2004. As stated in R.C. 2953.21(A)(2), Filchock had 180 days from December 30, 2004, to file his petition for postconviction relief. However, Filchock did not file his petition until April 24, 2007, which is clearly longer than the time limit for filing a postconviction relief petition. As such, Filchock did not timely file his petition for postconviction relief.
 {¶ 14} The trial court may, however, entertain an untimely petition under R.C. 2953.21 only if the exceptions set forth in R.C. 2953.23
apply. R.C. 2953.23 provides, in pertinent part:
 {¶ 15} "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
 {¶ 16} "(1) Both of the following apply:
 {¶ 17} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right. *Page 5 
 {¶ 18} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * * ."
 {¶ 19} However, in the instant case, Filchock has made no allegation that his untimely petition falls under the exceptions outlined. Therefore, since Filchock's postconviction petition was not timely filed under R.C. 2953.21, the petition was time barred. The trial court properly dismissed Filchock's petition for postconviction relief.
 {¶ 20} Accordingly, Filchock's assignments of error are without merit.
 {¶ 21} The judgment of the trial court is affirmed.
CYNTHIA WESTCOTT RICE, P.J., concurs.
 COLLEEN MARY OTOOLE, J., concurs in judgment only. *Page 1