OPINION
{¶ 1} Colonial Insurance Company of California appeals from the judgment of the Trumbull County Court of Common Pleas, confirming an arbitration award in favor of Thomas G. Marshall and Cheryl Marshall on an underinsured motorist claim, and granting prejudgment interest. We affirm.
 {¶ 2} This matter commenced with an automobile accident occurring on or about July 18, 1997, in which Mr. Marshall was allegedly rear-ended by Anthony V. *Page 2 
Grundy. Marshall v. Colonial Ins. Co. of California, 11th Dist. No. 2001-T-0145, 2003-Ohio-2367, at ¶ 2 (hereinafter, "Marshall I"). July 6, 1999, Mr. and Mrs. Marshall filed their complaint against Mr. Grundy, Medical Mutual of Ohio, and Mr. Marshall's underinsurance carrier, Colonial. Id. Eventually, the Marshalls settled their claims against Mr. Grundy (for $15,000), and Medical Mutual, the trial court dismissing these claims, with prejudice, on or about May 17, 2000. Id. at ¶ 3.
 {¶ 3} An amended complaint was filed December 11, 2000.Marshall I at ¶ 4. This named as defendants Colonial, and Kemper Insurance Company, insurer for Mr. Marshall's employer, Amweld Building Products. Id. Under the authority of Scott-Pontzer v. Liberty Mut. FireIns. Co. (1999), 85 Ohio St.3d 660, the Marshalls sought underinsured benefits from Kemper, as well as Colonial. Long and desultory proceedings were had concerning Kemper's status and potential liability, including the appeal to this court in Marshall I, which resulted in an unsuccessful appeal to the Supreme Court of Ohio. Eventually, that court rendered its decision in Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, largely overruling Scott-Pontzer
 {¶ 4} March 22, 2004, the Marshalls dismissed their claims against Kemper; and, July 2, 2004, the trial court dismissed all claims against Kemper, without prejudice. By a motion filed September 7, 2004, Colonial moved the trial court to dismiss the action, due to an agreement by the parties to submit the dispute to binding arbitration, pursuant to the terms of the Marshalls' insurance policy. The trial court granted this motion by a judgment entry filed September 20, 2004. *Page 3 
 {¶ 5} November 4, 2005, arbitration took place before a panel of three, including Mr. Harry R. Conn, Esq., who had been selected by Colonial. The panel made its award as follows:
 {¶ 6} "For the [plaintiffs] for sixty-five thousand dollars ($65,000) [.]
 {¶ 7} "The amount awarded is the total value of the claim, subject to any set-off by tortfeasor coverage limits.
 {¶ 8} "The amount awarded is for UIM benefits, and any claims under the UIM policy provision."
 {¶ 9} Mr. Conn dissented from the award in favor of the Marshalls.
 {¶ 10} June 16, 2006, the Marshalls moved the trial court to reinstate their action, applied to confirm the arbitration award, and moved for an award of prejudgment interest. Colonial opposed, and filed Mr. Conn's affidavit, which included the affirmation that an agreement existed among the arbitrators, "that the amount of the award took into consideration the issue of prejudgment interest." The Marshalls moved to strike Mr. Conn's affidavit. August 10, 2006, Colonial moved the trial court to withdraw its motion against reinstatement; and, applied to confirm the arbitration award, without prejudgment interest. August 29, 2006, the Marshalls moved to strike or dismiss Colonial's application to confirm the arbitration award.
 {¶ 11} January 22, 2007, the trial court filed its judgment on the pending motions and applications before it. The trial court found Mr. Conn's affidavit, filed by Colonial, self-serving, but refused to strike it. It further found that the arbitration award made no provision for prejudgment interest, and that the Marshalls were entitled to prejudgment interest, in the amount of $23,670. Consequently, it granted the Marshalls' application *Page 4 
for confirmation and motion for prejudgment interest; denied their motion to strike the application of Colonial as moot; and denied Colonial's application for confirmation.
 {¶ 12} February 12, 2007, Colonial timely noticed this appeal, assigning one error:
 {¶ 13} "The [t]rial [c]ourt erred by adding prejudgment interest to the arbitration award where the arbitrators previously decided the award represented `the total value of the claim. . . .'" [sic]
 {¶ 14} The standard of review for judgments on arbitration awards is abuse of discretion. Cf. Citigroups Global Markets, Inc. v. Masek, 11th Dist. No. 2006-T-0052, 2007-Ohio-2301, at ¶ 18. An abuse of discretion is no mere error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Rather, the phrase connotes an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. Id. Therefore, "abuse of discretion" describes a judgment neither comporting with the record, nor reason. See, e.g., State v.Ferranto (1925), 112 Ohio St. 667, 676-678.
 {¶ 15} When applying this already high standard, an appellate court's inquiry into arbitration awards is particularly circumscribed. "The review of an arbitration award is limited. In the trial court, the review is limited to determining whether the party challenging the award has established a ground set forth in R.C. 2711.09 through 2711.14; and, in this court, our review is limited to examining the judgment entry that confirmed or vacated the arbitration award." Citigroup GlobalMarkets, Inc. at ¶ 25. (Footnote and citation omitted.) "* * * [A]n arbitrator's award carries a strong presumption of validity."Handel's Enterprises, Inc. v. Wood, 7th Dist. Nos. 04 MA 238, 05 MA 70,2005-Ohio-6922, at ¶ 18. *Page 5 
 {¶ 16} On appeal, Colonial does not challenge whether it owes prejudgment interest: it merely contends the arbitrators' award comprehended that issue. It points both to the language in the award, stating it was for the "total value of the claim," and to Mr. Conn's affidavit, affirming the arbitration panel considered the issue of prejudgment interest in setting the amount of the award.
 {¶ 17} "* * * [A] claim for UM/UIM coverage sounds in contract, not in tort." Sarmiento v. Grange Mut. Cas. Co., 106 Ohio St.3d 403,2005-Ohio-5410, at ¶ 8. Thus, as the trial court recognized, a claim for prejudgment interest on an award for underinsured motorist benefits is a contractual claim, subject to R.C. 1343.03(A). Prejudgment interest on an arbitration award subject to R.C. 1343.03(A) must be granted. Cf.Advanced Technology Incubator, Inc. v. Manning, 11th Dist. No. 2001-P-0154, 2003-Ohio-2537, at ¶ 26.
 {¶ 18} Essentially, therefore, Colonial argues as follows: (1) arbitration awards are presumed valid; (2) the subject award comprehended the "total value" of the underinsured motorist — i.e., contractual — claim in dispute; (3) prejudgment interest is mandatory on contract claims; (4) therefore, the award includes any prejudgment interest required.
 {¶ 19} Colonial's argument is interesting. Nevertheless, we are constrained by our limited review of judgments regarding arbitration awards. The learned trial court looked to the language contained in the final sentence of the award: "[t]he amount awarded is for UIM benefits, and any claims under the UIM policy provisions." Reasoning from this attempt to specify what was included in the award, evidently led the *Page 6 
trial court to conclude that which was not mentioned — mandatory prejudgment interest — was excluded.
 {¶ 20} The trial court's judgment is supported by considering what else is included — or excluded — from the award. Contracts for underinsured motorist coverage inevitably reduce the amount available by setting off the tortfeasor's insurance. In this case, the first sentence of the award states there is to be a set-off of the tortfeasor's coverage against the amount of the award. As the trial court noted, the correct figure upon which prejudgment interest against Colonial should be calculated was the amount of the award, less a $15,000 set-off of the amount received by the Marshalls from the tortfeasor, Mr. Grundy. It would be surprising if a panel of experienced arbitrators would calculate an award (including prejudgment interest), then make a set-off from that amount. Mr. Grundy owed no prejudgment interest, and was long dismissed from the action.
 {¶ 21} Further, there is nothing in the award, or record, showing a calculation of the prejudgment interest. Again, as the learned trial court noted, this calculation is governed by R.C. 1343.03(A) and5703.47. A transcript of the arbitration proceedings might show what occurred. But none was filed.
 {¶ 22} We can go no further than a review of the trial court's judgment. That judgment comports with reason and the record. Consequently, no abuse of discretion, or error, exists. Cf.Ferranto at 676-678.
 {¶ 23} The assignment of error is without merit.
 {¶ 24} The judgment of the Trumbull County Court of Common Pleas is affirmed. *Page 7 
 {¶ 25} It is the further order of this court that appellant is assessed costs herein taxed. The court finds there were reasonable grounds for this appeal.
 CYNTHIA WESTCOTT RICE, P.J., TIMOTHY P. CANNON, J., concur. *Page 1