OPINION
{¶ 1} Appellant, Dr. Robert H. Buchholz, appeals from a decision entered by the Butler County Court of Common Pleas confirming an arbitration award.[1] We affirm the decision of the common pleas court. *Page 2 
 {¶ 2} Appellant filed a complaint against appellees, West Chester Dental Group, Inc. ("WCDG") and Dr. Edward W. Maag, on March 3, 2004, alleging breach of contract, negligent misrepresentation, and intentional interference with contractual relationships. On January 12, 2005, the parties entered into an arbitration agreement and mutually agreed to appoint Daniel J. Buckley, Esq. as the arbitrator for their dispute. The common pleas court stayed the action pending arbitration on February 10, 2005.
 {¶ 3} After engaging in discovery, depositions, and several meetings with the arbitrator, appellant moved to dismiss his claims against WCDG. The briefing on the motion to dismiss was complete by September 30, 2005. However, the arbitrator did not issue his decision denying the motion to dismiss until nearly nine months later. Appellant did not object to the delay prior to the issuance of the arbitrator's decision.
 {¶ 4} In December 2006, appellant settled all claims against WCDG arising on or after August 21, 2003, but continued against WCDG and Maag on all claims prior to August 21, 2003.
 {¶ 5} The arbitrator conducted an arbitration hearing from December 6 through December 8, 2006. During the three-day hearing, the parties presented evidence, which included testimony from six witnesses. No transcript was made of the arbitration hearing.
 {¶ 6} According to appellant, on February 20, 2007, the arbitrator "informally advised" his counsel during an "impromptu encounter on the street" that a decision would be issued "soon." On April 27, 2007, the arbitrator's assistant sent an e-mail to appellant's counsel indicating that a decision would "be out soon."
 {¶ 7} On May 24, 2007, appellant moved to vacate the arbitration agreement claiming the arbitrator lost jurisdiction because he failed to issue a decision in a timely manner. On May 30, 2007, the arbitrator issued an award in favor of appellees. Appellant moved to vacate the arbitration award on June 18, 2007. The common pleas *Page 3 
court denied appellant's motions on October 15, 2007, and confirmed the award three days later.
 {¶ 8} Appellant appeals the common pleas court's decision denying both the motion to vacate the arbitration agreement and the motion to vacate the arbitration award. Both of appellant's assignments of error deal with the same subject matter; namely, the common pleas court's decision to uphold and confirm the arbitration award. For ease of discussion, appellant's assignments of error will be addressed together.
 {¶ 9} Assignment of Error No. 1:
 {¶ 10} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO VACATE THE ARBITRATION AGREEMENT."
 {¶ 11} Assignment of Error No. 2:
 {¶ 12} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO VACATE THE ARBITRATION AWARD."
 {¶ 13} Appellant argues that the common pleas court erred in upholding the arbitration agreement and arbitration award. We disagree.
 {¶ 14} Arbitration is a favored method of dispute resolution.Northland Ins. Co. v. Palm Harbor Homes, Inc., Clinton App. No. CA2006-07-021, 2007-Ohio-1655, ¶ 8. Arbitration provides the parties with an "inexpensive method of conflict resolution and has the additional advantage of unburdening crowded court dockets." Findlay CitySchool Dist. Bd. of Edn. v. Findlay Edn. Assn. (1990),49 Ohio St.3d 129, 131. "[E]very reasonable intendment will be indulged to give effect to such proceedings and to favor the regularity and integrity of the arbitrator's acts." Warren Cty. Deputy Sheriff's Benevolent Assn. v.Ariss, Warren App. No. CA2002-02-013, 2002-Ohio-4987, ¶ 9, quotingMahoning Cty. Bd. of Mental Retardation and Developmental Disabilitiesv. Mahoning Cty. TMR Edn. Assn. (1986), 22 Ohio St.3d 80, 84. As a result, a strong presumption favors *Page 4 
upholding arbitration awards. Cincinnati v. Queen City Lodge No. 69,Fraternal Order of Police, 164 Ohio App.3d 408, 2005-Ohio-6225, ¶ 14.
 {¶ 15} Although arbitration is encouraged, the courts have limited authority to review an arbitration award. In the common pleas court, "the review is limited to determining whether the party challenging the award has established a ground set forth in R.C. 2711.09 through2711.14." Citigroup Global Markets, Inc. v. Masek, Trumball App. No. 2006-T-0052, 2007-Ohio-2301, ¶ 25. Therefore, "[R.C. 2711.09 through2711.14, inclusive] provide the only procedures for post award attack * * * of an arbitration decision [in the trial court]." Masek at ¶ 27, citing Lockhart v. Am. Res. Ins. Co. (1981), 2 Ohio App.3d 99, 101.
 {¶ 16} Under R.C. 2711.10, a common pleas court can vacate a binding arbitration award, but only in certain specified situations. These include:
 {¶ 17} "(A) The award was procured by corruption, fraud, or undue means.
 {¶ 18} "(B) There was evident partiality or corruption on the part of the arbitrators, or any of them.
 {¶ 19} "(C) The arbitrators were guilty of misconduct in * * * refusing to hear evidence * * *; or of any other misbehavior by which the rights of any party have been prejudiced.
 {¶ 20} "(D) The arbitrator's exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."
 {¶ 21} An appellate court's review is confined to the order issued by the common pleas court confirming, modifying, vacating or enforcing the award. Fraternal Order of Police v. City of Athens, Athens App. No. 01CA18, 2001-Ohio 2621, 2001 WL 1479227 at *3. This court may not review original arbitration proceedings, but instead, must provide the original arbitration proceedings a strong presumption of validity. Id. at ¶ 27;Handel's *Page 5 Enterprises, Inc. v. Wood, Mahoning App. Nos. 04 MA 238, 05 MA 70,2005-Ohio-6922, ¶ 18.
 {¶ 22} An appellate court will review the common pleas court's decision to confirm, modify, vacate or enforce the arbitration award based on abuse of discretion. Marshall v. Colonial Insurance Co. ofCal., Trumball App. No. 2007-T-0013, 2007-Ohio-6248, ¶ 14, citingMasek at ¶ 18. An abuse of discretion is no mere error of law or judgment, but instead, requires a finding that the trial court's decision is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219; Unger v. Unger, Brown App. No. CA2003-10-013, 2004-Ohio-7136, ¶ 32.
 {¶ 23} Appellant raises three issues with respect to the court's decision to uphold and confirm the arbitration award. First, appellant argues that the common pleas court erred in confirming the arbitration award because the arbitrator lost jurisdiction and exceeded his powers when he issued an award five months after the close of the hearing. Next, appellant argues that the common pleas court erred in confirming the arbitration award because the arbitrator's actions prejudiced appellant. Finally, appellant argues that the common pleas court erred in upholding the arbitration award because of the arbitrator's evident partiality. These arguments lack merit.
 {¶ 24} First, appellant argues that the common pleas court erred in confirming the arbitration award because the arbitrator lost jurisdiction and exceeded his powers when he issued an award five months after the close of the hearing.[2]
 {¶ 25} Time limitations placed on an arbitrator are discretionary, rather than mandatory, "unless the agreement states in unequivocal language that the parties *Page 6 
intended for the arbitrators to lose jurisdiction if their awards are not timely." Martich v. City of Cleveland (1972), 76 Ohio App.3d 802,804-805.
 {¶ 26} In this case, the arbitration agreement entered into by the parties did not explicitly state when the arbitrator's decision was due. However, the agreement stated that the "arbitration shall be conducted under the commercial arbitration rules of the American Arbitration Association * * *." Under section R-41 of the American Arbitration Association's (AAA) Commercial Arbitration Rules, entitled "Time of Award", an "award shall be made promptly by the arbitrator * * * no later than 30 days from the date of closing the hearing * * *." There is no language found in R-41, or any other AAA rule, that unequivocally states that an arbitrator would lose his jurisdiction by issuing a decision more than 30 days after closing the hearing. Therefore, the 30-day time limitation placed on the arbitrator to make a decision is merely discretionary, and not mandatory.
 {¶ 27} When a time limitation placed on an arbitrator's decision is discretionary, the arbitrator's authority continues for a reasonabletime beyond the period provided in the arbitration agreement.Martich at 805. The determination of reasonableness "must be made on a case-by-case basis with a view to the surrounding circumstances and to any aspects of prejudice or harm that either party suffers." Id. at 805, citing Jones v. St. Louis-San Francisco Ry. Co. (C.A.6, 1984),728 F.2d 257. Therefore, "[c]ourts should uphold late awards unless an objection to the delay has been made prior to the issuance of the award and a showing of harm or injury related to the delay has been made."Martich at 805.
 {¶ 28} A court will uphold a late award unless an objection to the delay has been made prior to the issuance of the award. Id. Under AAA R-37, "[a]ny party who * * * fails to state an objection in writing shall be deemed to have waived the right to object." On May 24, 2007, appellant filed a motion to vacate the arbitration agreement due to the *Page 7 
arbitrator's delay in making a decision. On May 29, 2007, appellant mailed a copy of the motion to the arbitrator. As a result, appellant objected to the delay prior to the issuance of the award on May 30, 2007, and therefore, the only issue on review is whether appellant suffered any harm, injury, or was prejudiced by the arbitrator's delay in making his decision.
 {¶ 29} Appellant argues that the delay was unreasonable and that he was prejudiced because the arbitrator relied only on his notes and memory in making his decision.[3] Specifically, appellant argues that he was prejudiced because the arbitrator's written award "does not even correctly identify the proper Defendant of the Hearing," or "properly reflect the claims remaining," and is "replete with sloppy errors, improper cites, and other inaccuracies."
 {¶ 30} In this case, the arbitration continued for a period of over two years. During that time the arbitrator heard six prehearing motions, conducted a three-day hearing, heard testimony from six witnesses, and had to evaluate the evidence presented by the parties, which included lengthy proposed Findings of Fact and Conclusions of Law. This extensive review was done all while the arbitrator's mother was suffering from a terminal illness, which eventually led to her death in March 2007, and while the arbitrator continued to practice law.
 {¶ 31} Further, the common pleas court found that the arbitrator had previously taken several months to rule on the parties' other motions, to which appellant never objected.[4] Appellant did not object to the arbitrator's delay in making a decision until *Page 8 
nearly five months had elapsed. The common pleas court determined, based on his failure to object to the delay sooner, that even appellant did not find the arbitrator's delay unreasonable.
 {¶ 32} Finally, the common pleas court correctly noted that in order to vacate the arbitrator's award, it was required to find that appellant was prejudiced by the arbitrator's delay in providing the decision, and not merely by the decision itself. See Martich at 805. Even with the alleged failure to identify the correct parties, the claims remaining, and other errors, mistakes and inaccuracies, the lower court found that appellant failed to indicate any prejudice suffered from the arbitrator's delay. Instead, the court found that any purported prejudice was merely from the decision. As a result, the common pleas court determined that appellant failed to demonstrate any harm, injury, or prejudice from the delay, and therefore, the delay was not unreasonable. We find no error in the court's conclusion.
 {¶ 33} Second, appellant argues that the common pleas court erred in confirming the arbitration award because the arbitrator's actions prejudiced him. Appellant claims the award should have been vacated because the arbitrator's decision "clearly reflects] the [arbitrator's notes and memory were not reliable," and that the arbitrator failed to consider relevant evidence submitted by appellant. Specifically, appellant claims that the arbitrator's decision is "clearly erroneous" because the arbitrator overlooked evidence indicating appellant had not received 35 percent of his accounts receivable as required by his employment contract, and that the arbitrator failed to address the negligent misrepresentation claim sufficiently. This argument lacks merit.
 {¶ 34} When parties agree to submit their dispute to binding arbitration, they agree to accept the result, even if it is legally or factually wrong. Huffman v. Valletto (1984), 15 Ohio App.3d 61, 63. An arbitration award will not be reversed on the basis that the award *Page 9 
was based on the arbitrator's incorrect legal analysis. Samber v.Mullinax Ford East, Lake App. No. 2007-L-032, 2007-Ohio-5779, ¶ 46; see, also, Stehli v. Action Custom Homes, Inc. (2000), 144 Ohio App.3d 679,682, citing Cleveland v. Fraternal Order of Police, Lodge No. 8 (1991),76 Ohio App.3d 755, 758 (finding that a court may not vacate an arbitration award based on legal or factual inaccuracy).
 {¶ 35} A common pleas court, in ruling on a motion to vacate an arbitration award, must base its decision on the record of the arbitration proceeding. Samber at ¶ 56. The record of the arbitration proceeding includes a transcript of the arbitration hearing. Id. Appellant has the burden of showing error by reference to the matters in the record. Id. at ¶ 55, citing Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Under R.C. 2711.14, a transcript of the arbitration hearing is not required in order for the common pleas court to vacate an award. Queen City Lodge No. 69, 2005-Ohio-6225 at ¶ 19; but, see,Marra Constructors, Inc. v. Cleveland Metroparks System (1993)82 Ohio App.3d 557, 563 (requiring a common pleas court to confirm an arbitration award when the parties failed to provide a transcript of the arbitration proceeding). However, without the transcript of the proceedings before the arbitrator, it is increasingly difficult for the common pleas court to determine if the arbitrator's award should be vacated. See Queen City Lodge at ¶ 19 (finding common pleas court could determine if arbitrator exceeded her authority by reviewing the exhibits filed and from the arbitrator's 47-page decision and award).
 {¶ 36} In this case, the parties decided not to create a transcript of the arbitration hearing, but instead, mutually agreed that the arbitrator could rely on his notes and memory in making an award. As a result, both parties failed to create a transcript of the arbitration hearing, and neither party provided the common pleas court with a transcript to *Page 10 
support their arguments.[5]
 {¶ 37} Despite appellant's concerns about the legal and factual accuracy of the arbitrator's decision, appellant agreed to enter into binding arbitration, and, as a consequence, agreed to accept the award regardless of factual or legal accuracy. See Motor Wheel Corp. v.Goodyear Tire Rubber Co. (1994), 98 Ohio App.3d 45, 52 (finding that if the common pleas court could vacate a arbitrator's decision based on legal or factual inaccuracies then arbitration would turn into a system of "junior varsity trial courts"). Appellant even admits that he agreed to allow the arbitrator to make his decision based off his notes and memory, which he now claims are unreliable.
 {¶ 38} Further, because both parties agreed not to make a transcript of the arbitration hearing, the common pleas court was unable to determine what actually occurred during the three-day arbitration hearing. As a result, based on the record provided, the common pleas court determined that it was unable to vacate the arbitrator's award. In making its determination, the common pleas court found that it was impossible "to ferret out whether or not the arbitrator made the right decision or made the wrong decision, and whether the arbitrator made errors * * *" when no record of the arbitration hearing exists. We find no error in the court's decision.
 {¶ 39} Finally, appellant argues that the common pleas court erred in upholding the arbitration award because of the arbitrator's evident partiality. Specifically, appellant argues that the arbitrator was retaliating against him because he filed a motion to vacate the arbitration agreement. We disagree.
 {¶ 40} A common pleas court shall vacate an arbitration award under *Page 11 
R.C. 2711.10(B) when an arbitrator acted with "evident partiality." Evident partiality requires proof of actual bias. Board of Trustees of Miami Tp.v. Fraternal Order of Police, Clermont App. Nos. CA99-03-028, CA99-04-031, at 13, 2000 WL 628219 at *6, citing Beck Suppliers, Inc. v.Dean Witter Reynolds, Inc. (1988), 53 Ohio App.3d 98, 102.
 {¶ 41} In this case, appellant moved vacate the arbitration agreement on May 24, 2007. On May 29, appellant sent a "courtesy copy" of the motion to vacate to the arbitrator by regular mail. On May 30, the arbitrator issued his decision. Appellant claims that the time-line of events evidences that the arbitrator "rather than acting as a neutral decision-maker, fast became an adversary to [a]ppellant who dared to object to his delay * * *." However, appellant provides no evidence, beyond his mere speculation, to support his claim that the arbitrator acted with actual bias.[6] The common pleas court determined that the arbitrator did not act with evident partiality. We find no error in this decision.
 {¶ 42} Because the common pleas court did not abuse its discretion in upholding the arbitration agreement and the arbitrator's award, appellant's first and second assignments of error are overruled.
 {¶ 43} Judgment affirmed.
WALSH, P.J., and YOUNG, J., concur.
[1] Pursuant to Loc. R. 6(A), we have sua sponte removed this appeal from the accelerated calendar.
[2] The parties are not in agreement as to whether the hearing was ever closed by the arbitrator. However, a determination of whether the hearing was closed is irrelevant to this court's holding. Therefore, we will forego a discussion of whether the arbitrator closed the hearing.
[3] The parties agreed to not make a transcript of the hearing conducting in December 2006. As a result, there was no transcript available to the arbitrator or to the common pleas court in ruling on the appellant's motion.
[4] This included taking nine months to rule on a motion to dismiss, and five months to rule on a summary judgment decision.
[5] The only transcript contained in the record is that of the hearing on appellant's motion vacate the award. This transcript was limited to the legal arguments of the parties and does not recite the evidence presented during the arbitration proceedings.
[6] Appellant claims that the arbitrator would have received the "courtesy copy" of the motion to vacate on May 30, the day after it was sent. Appellant's assumption is based on the fact that the arbitrator's "office is right down the street from ours * * *" and that he thought it was "strange" for the arbitrator to issue a statement claiming that he never closed the hearing. No other evidence was presented to indicate that he actually received the motion on May 30, or that he was acting with actual bias towards appellant. *Page 1