OPINION
{¶ 1} Appellant, John Reed, appeals the judgment of the Trumbull County Court of Common Pleas, denying his Petition for postconviction relief. For the following reasons, we affirm the decision of the court below. *Page 2 
 {¶ 2} In September 2004, Reed was convicted of Robbery and sentenced to serve a prison term of five years. See State v. Reed, 11th Dist. No. 2004-T-0117, 2005-Ohio-6901.
 {¶ 3} On July 31, 2008, Reed filed a Petition to Vacate or Set Aside Sentence (Evidentiary Hearing Requested). As the basis for his Petition, Reed claimed that his indictment was structurally deficient for failing to specify the mens rea requirement of recklessness. Reed relied uponState v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624, wherein the Ohio Supreme Court reversed a conviction for Robbery where the indictment failed "to charge that the physical harm was recklessly inflicted" and deemed such error to be structural. Id. at ¶ 15 and ¶ 19.
 {¶ 4} On August 15, 2008, the trial court denied Reed's Petition, noting that Reed's Petition was not timely and that the Colon decision does not apply retroactively. See State v. Colon, 119 Ohio St.3d 204,2008-Ohio-3749, at ¶ 5 ("the rule announced in Colon I [2008-Ohio-1624] is prospective in nature and applies only to those cases pending on the date Colon I was announced").
 {¶ 5} On September 2, 2008, Reed filed a Notice of Appeal.
 {¶ 6} On appeal, Reed raises the following assignment of error: "The trial court errored [sic] in not granting the Petition to Vacate or Set Aside Sentence through the authority of `State v. Colon'."
 {¶ 7} "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for *Page 3 
postconviction relief as defined in R.C. 2953.21." State v.Reynolds, 79 Ohio St.3d 158, 1997-Ohio-304, at syllabus.
 {¶ 8} "[A] trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion." State v. Gondor, 112 Ohio St.3d 377, 2006-Ohio-6679, at ¶ 58; State v. White, 118 Ohio St.3d 12, 2008-Ohio-1623, at ¶ 45
(citation omitted).
 {¶ 9} A postconviction relief petition "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." R.C. 2953.21 (A)(2). An untimely petition may be entertained where "the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, * * * the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right"; and "[t]he petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted." R.C. 2953.23(A)(1)(a) and (b).
 {¶ 10} In the present case, the trial transcript was filed in the court of appeals in Reed's direct appeal on November 9, 2004. The Petition was filed July 31, 2008, over three years after the deadline established by R.C. 2953.21(A)(2). Reed has offered no explanation for the Petition's untimeliness. Accordingly, the trial court properly denied Reed's petition. State v. Filchock, 11th Dist. No. 2007-L-035,2007-Ohio-5779, at ¶ 19; State v. Kirin, 11th Dist. No. 2001-T-0053, 2002-Ohio-3150, at ¶ 12 (citations omitted). *Page 4 
 {¶ 11} Reed's sole assignment of error is without merit.
 {¶ 12} The judgment of the Trumbull County Court of Common Pleas, denying Reed's postconviction relief Petition is affirmed. Costs to be taxed against appellant.
COLLEEN MARY O'TOOLE, J., TIMOTHY P. CANNON, J., concur. *Page 1