[Cite as *Plum Tree Realty v. Huff-Drees Realty*, 2024-Ohio-4960.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |  |
|---|---|---|---|
| PLUM TREE REALTY, et al., | : | | |
| Appellants, | : | | CASE NO. CA2024-03-008 |
| - vs - | : | | O P I N I O N<br>10/15/2024 |
| | : | | |
| HUFF-DREES REALTY, INC., et al., | : | | |
| Appellees. | : | | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 23CV95993

Garvey Shearer Nordstrom, PSC, and David A. Shearer, Jr., for appellants.

Arnzen, Storm & Turner, PSC, and Aaron A. VanderLaan, for appellees.

**PIPER, J.**

{¶ 1}   Appellants, Plum Tree Realty, Inc., Scott Ross, and Jason Ross, appeal a decision of the Warren County Court of Common Pleas.  The dispute centers on the entitlement to a real estate commission that was resolved before an arbitration panel.

**Facts and Procedural History**

{¶ 2}   As an initial matter, we note there is limited information before this court, as appellants failed to file a transcript of the arbitration proceedings.  Nevertheless, the

record reflects that appellees, Huff-Drees Realty, Inc., Kelly Kehoe, and Charlie Dean were the listing agents for a property for sale in Maineville, Ohio ("Property"). Scott Ross entered into a purchase agreement to purchase the Property with Kelly serving as a dual agent, representing both Scott Ross and the seller. The purchase agreement was attached to appellants' complaint.

{¶ 3} Despite the purchase agreement, appellants claim that Jason Ross, Scott's brother, was entitled to a three percent commission for the sale of the Property. As relevant here, Jason is a real estate agent with Plum Tree Realty. The record reflects that in order to move forward with closing Huff Realty agreed to pay Jason of Plum Tree Realty the three percent commission ("disputed commission") in the amount of $21,000. The matter proceeded to closing and Plum Tree Realty was provided with the disputed commission.

{¶ 4} On June 21, 2022, Kelly and Charlie with Huff Realty filed a demand for arbitration on the issue of the disputed commission. Plum Tree Realty and Jason responded and agreed to arbitrate the dispute. The matter proceeded to arbitration before a panel of three arbitrators of the Professional Standards Committee of the Realtor Alliance of Greater Cincinnati. On March 3, 2023, the arbitrators found that Kelly and Charlie with Huff Realty were entitled to the disputed commission.

{¶ 5} On April 5, 2023, appellants filed a complaint in the Warren County Court of Common Pleas against appellees asserting claims for breach of contract, breach of the covenant of good faith and fair dealing, fraud, fraudulent inducement, and unjust enrichment. The claims all related to the disputed commission that had been arbitrated. Appellants later filed a motion to vacate the arbitration award, and appellees filed a

corresponding motion to have the arbitration award confirmed.[1]

{¶ 6} On August 28, 2023, the common pleas court granted a partial motion to dismiss on the claims raised by Plum Tree Realty and Jason, as they were parties to the arbitration proceedings.[2] On November 28, 2023, the common pleas court granted the motion to confirm the arbitration award and denied the motion to vacate the award. The common pleas court observed that no transcript of the arbitration proceedings had been filed and the court "must presume the regularity of the arbitration proceedings." Later, the common pleas court issued a final appealable order awarding appellees attorney fees in the amount of $11,475 and litigation expenses in the amount of $83.84. Appellants now appeal, raising three assignments of error for review.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFFS-APPELLANTS, PLUM TREE REALTY AND JASON ROSS, BY FAILING TO VACATE THE ARBITRATION AWARD DESPITE RC 2711.10 MANDATORY "SHALL" LANGUAGE.

{¶ 9} Arbitration is a favored method of dispute resolution. *Buchholz v. W. Chester Dental Group*, 2008-Ohio-5299, ¶ 14 (12th Dist.). "The purpose of giving lasting effect to an arbitration award is to honor the parties' decision to circumvent the traditional court-based litigation process." *Hogan v. Hogan*, 2008-Ohio-6571, ¶ 15 (12th Dist.). If parties cannot rely on the arbitrator's decision, the parties have lost the benefit of their bargain. Arbitration, which is intended to avoid litigation, would instead become merely

---

1. The common pleas court stated that appellants pursued this matter irregularly, noting that "the procedural avenue for challenging an arbitration award is by motion and not by complaint." The subsequent filings of the motion to vacate and motion to confirm appear to have resolved some of the earlier confusion encountered by the common pleas court.

2. The common pleas court did not dismiss the claims raised by Scott, as he was not a party to the arbitration proceedings.

a system of "junior varsity trial courts." Rather, "[p]arties who agree to resolve their disputes via binding arbitration agree to accept the result, even if the arbitrator's decision is based on factual inaccuracies or the arbitrator's incorrect legal analysis." *Id.*

**Standard of Review**

{¶ 10} Because arbitration is encouraged, courts have limited authority to review an arbitration award. *Ohio Patrolmen's Benevolent Assn. v. Trenton*, 2013-Ohio-3311, ¶ 18 (12th Dist.). In the common pleas court, "the review is limited to determining whether the party challenging the award has established a ground set forth in R.C. 2711.09 through 2711.14." *Buchholz* at ¶ 15.

{¶ 11} Pursuant to R.C. 2711.10, a common pleas court can vacate a binding arbitration award, but only in certain specified situations. These include:

> (A) The award was procured by corruption, fraud, or undue means.
>
> (B) There was evident partiality or corruption on the part of the arbitrators, or any of them.
>
> (C) The arbitrators were guilty of misconduct in . . . refusing to hear evidence . . . or of any other misbehavior by which the rights of any party have been prejudiced.
>
> (D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

{¶ 12} An appellate court's review of the common pleas court's arbitration order is confined to the order issued by the common pleas court confirming, modifying, vacating or enforcing the award. *In re Hamilton v. Internatl. Union of Operating Engs., Local 20*, 2016-Ohio-5565, ¶ 12 (12th Dist.). An appellate court should "accept findings of fact that are not clearly erroneous but decide questions of law de novo." *Portage Cty. Bd. of Dev. Disabilities v. Portage Cty. Educators' Assn. for Dev. Disabilities*, 2018-Ohio-1590, ¶ 23. However, this de novo review is narrowly focused. "It does not invite a reexamination of

the merits of the underlying dispute as presented to the arbitrator." *Fairfield v. Internatl. Union of Operating Engs., Local 20*, 2024-Ohio-2850, ¶ 14 (12th Dist.). The reviewing court's task is to determine whether the common pleas court correctly applied the limited statutory bases for overturning an arbitration award, not to substitute its judgment for that of the arbitrator on the substantive issues in contention. *Id.*

**Analysis**

{¶ 13} Appellants argue the arbitration award should be vacated because: (1) the arbitrators used a procuring cause analysis, (2) the arbitrators failed to follow binding rules, (3) the arbitrators engaged in "misbehavior," and (4) the arbitrators "exceeded their powers," or "so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." Appellants also argue that the arbitration award was "procured by corruption, fraud, or undue means."[3]

{¶ 14} However, appellants failed to provide this court with the transcript of the arbitration proceedings. Therefore, we have no way in which to determine if appellants' arguments have any merit. *Buchholz*, 2008-Ohio-5299 at ¶ 38; *RRL Holding Co. of Ohio, L.L.C. v. Stewart*, 2018-Ohio-3956, ¶ 3-5 (10th Dist.); *Miller v. Mgt. Recruiters Internatl., Inc.*, 2009-Ohio-236, ¶ 23-24 (8th Dist.). Thus, without the benefit of a transcript, we cannot conclude the common pleas court erred when it denied appellants' motion to vacate the award and instead granted appellees' motion to confirm the award.[4]

{¶ 15} Moreover, as noted above, it is the law in Ohio that when parties agree to

---

3. However, appellants do not allege any facts to support their allegations of "corruption, fraud, or undue means." Instead, appellants argue that the appellees' initial payment and subsequent demand for arbitration amounted to "corruption, fraud, or undue means." That argument is clearly misguided because the "corruption, fraud, or undue means" must have occurred during the arbitration proceedings.

4. We also note that appellants base a large part of their argument on a list of "rules" contained in the "Guidelines for Entitlement to Selling Portion of Real Estate Fee." However, that document expressly states that it is a mere set of "guidelines" that should be "utilized as an educational tool and *should in no way be construed as a set of rules* which are 'etched in stone.'" (Emphasis added).

submit their dispute to binding arbitration, they agree to accept the result, even if it is legally or factually wrong. *Buchholz* at ¶ 34; *Cleveland v. Communication Workers of Am., Local 4340*, 2022-Ohio-2498, ¶ 24 (8th Dist.). If the parties could challenge an arbitration decision on the ground that the arbitrators erroneously decided the legal and factual issues, no arbitration would be binding. *Hogan*, 2008-Ohio-6571 at ¶ 15. Having reviewed the claims, arguments, and limited information provided to this court, we find appellants' first assignment of error is without merit. Appellants' first assignment of error is overruled.

{¶ 16} Assignment of Error No. 2:

{¶ 17} THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFFS-APPELLANTS, PLUM TREE REALTY AND JASON ROSS, BY DISMISSING CLAIMS THAT WERE NOT SUBJECT TO, OR PART OF, THE ARBITRATION.

{¶ 18} In their second assignment of error, appellants argue that the common pleas court improperly dismissed claims not subject to arbitration. For instance, appellants argue that only "contractual disputes or specific non-contractual disputes" are subject to arbitration and therefore the claims they raised in their complaint for, inter alia, fraud, fraudulent inducement, and unjust enrichment should not have been dismissed.

{¶ 19} However, the record reflects that the claims filed in appellants' complaint were all related to the commission dispute, despite how they characterize their claims in this appeal. As the supreme court has explained, arbitration follows a "special statutory procedure." *Galion v. Am. Fedn. of State, Cty. & Mun. Emp., Ohio Council 8, AFL-CIO, Local 2243*, 71 Ohio St.3d 620, 623 (1995). R.C. Chapter 2711 does not provide a procedure through which a party can relitigate the action before the common pleas court. *Samber v. Mullinax Ford E.*, 2007-Ohio-5778, ¶ 32 (11th Dist.). In this case, the claims raised in appellants' complaint that the common pleas court dismissed were all related to

the disputed commission. Those claims cannot be relitigated in the common pleas court. Accordingly, the common pleas court did not err by dismissing Plum Tree and Jason's claims and the second assignment of error is overruled.

{¶ 20} Assignment of Error No. 3:

{¶ 21} THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFFS-APPELLANTS, PLUM TREE REALTY AND JASON ROSS, BY GRANTING DEFENDANTS' MOTION FOR ATTORNEY FEES.

{¶ 22} Appellants only argue in their third assignment of error the common pleas court should not have awarded attorney fees to appellees because appellees should not have prevailed in the common pleas court. However, appellants argument is dependent upon them prevailing in the prior two assignments of error, which we overruled. Appellants make no other argument that the award of attorney fees was otherwise improper. Accordingly, we find the common pleas court did not err in awarding attorney fees to appellees. Appellants third assignment of error is overruled.

{¶ 23} Judgment affirmed.

BYRNE, P.J., and M. POWELL, J., concur.