[Cite as *Jones v. W. Chester Hosp., L.L.C.*, 2025-Ohio-2556.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| HAYWOOD JONES, et al., | : | |
| Appellants, | : | CASE NO. CA2025-02-015 |
| | : | <u>OPINION AND</u> |
| - vs - | | <u>JUDGMENT ENTRY</u> |
| | : | 7/21/2025 |
| WEST CHESTER HOSPITAL, LLC, | : | |
| Appellee. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2022-02-0248

Cooper Elliott, and Jeffrey T. Kenney, for appellants.

Calderhead, Lockemeyer & Peschke, and Bill J. Paliobeis and Michael A. Roberts, for appellee.

# **O P I N I O N**

**PIPER, J.**

{¶ 1} Appellants, Haywood Jones and Darlene Jones (hereinafter, the "Joneses"), appeal the decision of the Butler County Court of Common Pleas denying

their motion to modify and/or vacate an arbitration award ordering appellee, West Chester Hospital, LLC, to pay the Joneses $20,000 in damages.[1] For the reasons outlined below, we affirm the common pleas court's decision.

## Facts and Procedural History

{¶ 2}   On May 1, 2021, Mr. Jones was released from the Hospital following a right lower leg amputation. Unfortunately, while employees of the Hospital were moving Mr. Jones from a wheelchair to his car, the hospital employees failed to secure Mr. Jones from falling. This fall ultimately resulted in Mr. Jones receiving additional treatment to his leg that had received partial amputation. This included a wound closure procedure at the point of Mr. Jones' amputation.

{¶ 3}   On February 18, 2022, the Joneses filed a complaint against the Hospital. The complaint alleged a claim of negligence as it related to Mr. Jones and, for Mrs. Jones, a claim alleging a loss of consortium. Following discovery, on January 22, 2024, the parties entered into a binding arbitration agreement. The Hospital stipulated to its liability as to causing injury. The arbitration agreement called for two arbitrators to issue a decision on the two contested issues then remaining, proximate causation and damages. In so doing, the agreement contained the following relevant passages:

> 12. The Arbitrators shall decide this dispute within thirty (30) days of the closing of the arbitration hearing by issuance of a *simple* Award with their reasoning and an itemization of any facts *that the Arbitrators believe is appropriate*.
>
> 13. Any monetary amount found to be due and owing under the Arbitrators' Award shall be paid within thirty (30) days of the date of the Award. Any party may seek an Order confirming, modifying, or vacating the Award when and as provided in Ohio Rev. Code § 2711.09, *et seq.*

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar for purposes of issuing this opinion.

. . .

15. All disputes concerning *the scope, applicability and interpretation* of this Arbitration Agreement shall be decided by the Arbitrator.

(Emphasis added.)

{¶ 4} On April 2, 2024, an arbitration hearing was held on the matter. The following day, April 3, 2024, the arbitrators issued their decision to the parties' counsel via email. The decision ordered the Hospital to pay the Joneses a total of $20,000. The arbitrators noted that they had issued this decision after having heard the testimony of the witnesses and following a review of the depositions and evidence submitted at the previous day's arbitration hearing.

{¶ 5} On May 15, 2024, the Joneses' counsel sent an email back to the arbitrators asking them to provide certain clarifying information related to that $20,000 award. Specifically, the Joneses asked the arbitrators to provide them with additional information as to (1) whether any part of the award was allocated to Mrs. Jones on her loss of consortium claim, and (2) whether an insignificant medical bill had also been included in the award.

{¶ 6} On May 18, 2024, the arbitrators responded to the Joneses' counsel's request noting that the total $20,000 award was to be allocated $17,000 to Mr. Jones and $3,000 to Mrs. Jones. Shortly thereafter, on May 31, 2024, the parties filed a joint notice of arbitration award with the common pleas court notifying the court that "[t]he arbitration panel issued its final award in favor of the [Joneses] on May 18, 2024."

{¶ 7} On July 31, 2024, the Joneses moved the common pleas court to modify and/or vacate the arbitrators' decision. To support their motion, the Joneses argued that

- 3 -

the arbitrators' decision must be modified pursuant to R.C. 2711.11(C) and/or vacated under R.C. 2711.10(D) because the arbitrators failed to provide them with the specific reasoning behind their awarding them with just $20,000.

{¶ 8} On September 12, 2024, a hearing on the Joneses' motion was held before a common pleas court magistrate. Following this hearing, on November 14, 2024, the magistrate issued a decision recommending the common pleas court deny the Joneses' motion. In so doing, the magistrate determined that the Joneses had failed to demonstrate that the arbitration award should be modified and/or vacated when considering the arbitration agreement "clearly leaves the level of detail to be provided up to whatever 'the Arbitrators believe is appropriate.'" This is in addition to the magistrate finding, when considering the language set forth within the arbitration agreement itself, "the determination of what factual findings are appropriate to be included is specifically left to the arbitrators' discretion."

{¶ 9} On November 27, 2024, the Joneses filed objections to the magistrate's decision. The common pleas court overruled the Joneses' objections on January 14, 2025. In so ruling, the common pleas court noted that it had found the magistrate's legal conclusions were "legally correct in light of the procedural history of the arbitration process and the contents of the arbitration agreement, as cited in [the magistrate's] decision."

{¶ 10} On February 11, 2025, the Joneses filed a notice of appeal from the common pleas court's decision. Oral argument was held before this court on June 16, 2025. The Joneses' appeal now properly before this court for decision, the Joneses have raised one assignment of error for review.

**The Joneses' Single Assignment of Error**

{¶ 11} THE TRIAL COURT ERRED BY NOT VOIDING AND/OR SETTING ASIDE THE DECISION OF THE ARBITRATION PANEL.

{¶ 12} In their single assignment of error, the Joneses initially argue the common pleas court erred in denying their motion to modify the arbitration award by not requiring the arbitrators, in accordance with R.C. 2711.11(C), "to abide by the terms of the arbitration agreement and provide [them] with the [arbitrators'] reasoning behind the reward." Alternatively, the Joneses argue the common pleas court erred in denying their motion to vacate the arbitration award by not requiring the arbitrators, in keeping with R.C. 2711.10(D), to provide them "with their reasoning behind the award as required by the terms of the arbitration agreement." We disagree with both of the Joneses' claims.

{¶ 13} R.C. Chapter 2711 describes the circumstances under which the common pleas court may modify or vacate an arbitration award. *Lake Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professional Assn. for the Teaching of the Mentally Retarded*, 1994-Ohio-87, ¶ 12. More specifically, and as relevant here, R.C. 2711.11(C) authorizes the common pleas court to modify an arbitration award if it is "imperfect in matter or form not affecting the merits of the controversy." On the other hand, R.C. 2711.10(D) authorizes the common pleas court to vacate an arbitration award if "[t]he arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

{¶ 14} "[A]n order that confirms, modifies, corrects, or vacates an arbitration award is appealable under R.C. 2711.15." *Cleveland Browns Football Co., LLC v. Antonio's Pizza, Inc.*, 2024-Ohio-1686, ¶ 27, fn. 2 (8th Dist.). "An appellate court's review of the

common pleas court's arbitration order is confined to the order issued by the common pleas court confirming, modifying, vacating or enforcing the award." *Plum Tree Realty v. Huff-Drees Realty, Inc.*, 2024-Ohio-4960, ¶ 12 (12th Dist.).

{¶ 15} We review a common pleas court's decision to deny a motion to modify and/or vacate an arbitration award for an abuse of discretion. *See Ohio Dept. of Adm. Servs. v. Fraternal Order of Police of Ohio, Inc.*, 2017-Ohio-1382, ¶ 12 (10th Dist.) (noting that, "[g]enerally, an appellate court reviews a trial court's decision denying a motion to vacate an arbitration award under an abuse of discretion standard"). "An abuse of discretion connotes conduct which is unreasonable, arbitrary, or unconscionable." *State ex rel. Richard v. Seidner*, 1996-Ohio-54, ¶ 7.

{¶ 16} In this case, the Joneses argue that the arbitrators' decision must be modified pursuant to R.C. 2711.11(C) and/or vacated under R.C. 2711.10(D) because the arbitrators failed to provide them with the specific reasoning behind their award. This, according to the Joneses, was directly contrary to the express terms set forth within the arbitration agreement they had entered with the Hospital. However, as noted above, the agreement specifically provides that, within 30 days of the closing of the arbitration hearing, the arbitrators shall decide the dispute by issuance of a simple award with their reasoning and an itemization of any facts "that the Arbitrators believe is appropriate." The agreement also provides that any disputes concerning the scope, applicability, and interpretation of the agreement "shall be decided by the Arbitrators."

{¶ 17} Therefore, while the Joneses argue that the arbitrators failed to adhere to the express terms set forth within the agreement by failing to provide them with the specific reasoning behind their award, the agreement clearly leaves the level of detailed

reasoning for such an award up to the discretion of the arbitrators. The arbitrators in this case determined that notifying the parties that it had based its award on the testimony, depositions, and evidence submitted at the arbitration hearing was sufficient reasoning. This fully complies with the arbitration agreement's requirements. Accordingly, because the Joneses failed to demonstrate that the arbitrators' decision should be modified pursuant to R.C. 2711.11(C) and/or vacated under R.C. 2711.10(D), the common pleas court did not err by denying the Joneses' motion requesting the same.

{¶ 18} In reaching this decision, we find it important to note that, following the initial arbitration award being issued on April 3, 2024, the Joneses requested the arbitrators to provide them with certain clarifying information related to that award. Specifically, the Joneses asked the arbitrators to provide them with additional information as to (1) whether any part of the award was allocated to Mrs. Jones on her loss of consortium claim, and (2) whether a minor medical bill had also been included in the award. The arbitrators responded to the Joneses' request on May 18, 2024, following which the parties filed a joint notice of arbitration award with the common pleas court on May 31, 2024. Therefore, although clearly having the opportunity to do so, the Joneses never requested the arbitrators to provide them with a more detailed reasoning for the award that had been issued to them.

{¶ 19} Accordingly, just as the common pleas court found, the Joneses were asking the court "to address something that was within their own power to address, but that they failed to do, prior to filing their motion." We find no error in the common pleas court's decision. We also find no error in the common pleas court's decision finding that conducting a de novo hearing simply because the arbitrators "did not explain their award"

was not within the purview of either R.C. 2711.11(C) or 2711.10(D). This is in addition to the common pleas court's decision finding the Joneses had failed to timely file their motion to vacate the arbitrators' decision to allow the court to direct a rehearing by the arbitrators under R.C. 2711.10. To the extent the Joneses claim otherwise, such arguments lack merit.

## Conclusion

{¶ 20} For the reasons outlined above, and finding no error in the common pleas court's decision denying the Joneses' motion to modify and/or vacate the arbitration award at issue, the Joneses' single assignment of error lacks merit and is overruled.

{¶ 21} Judgment affirmed.

HENDRICKSON, P.J., and SIEBERT, J., concur.

- 9 -

## J U D G M E N T   E N T R Y

The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Butler County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Robert A. Hendrickson, Presiding Judge

/s/ Robin N. Piper, Judge

/s/ Melena S. Siebert, Judge